**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC.<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>SPACECO BUSINESS SOLUTIONS, INC.<br><br>    Defendant,<br><br>    v.<br><br>JERRY MOSCOVITCH<br><br>    Counterclaim Defendant | C. A. No.: 6:14-cv-00411-LED<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SPACECO BUSINESS SOLUTIONS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**

    Defendant SpaceCo Business Solutions, Inc. (hereinafter "SpaceCo"), by and through its undersigned counsel, submits the following Answer, Affirmative Defenses, and Counterclaim to Plaintiff Mass Engineered Design, Inc.'s (hereinafter "Mass") Complaint for Patent Infringement ("the Complaint"):

**ANSWER**

NATURE OF THE ACTION

    1.    SpaceCo admits that this action purports to be a patent infringement action, but specifically denies that any infringement of the Patents-in-Suit has occurred.

PARTIES

    2.    SpaceCo is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore, denies the same.

3.  SpaceCo admits the allegations in Paragraph 3 of the Complaint, but notes that its address is incorrectly stated in paragraph 3, and should instead be 17650 East 32nd Place, Suite 10A, Aurora, CO, 80011.

## JURISDICTION AND VENUE

4.  SpaceCo admits that Plaintiffs filed this action alleging violation of the patent laws of the United States, and that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.  SpaceCo admits it does business in the State of Texas, but denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.  SpaceCo denies the allegations of paragraph 6 of the Complaint.

7.  SpaceCo denies the allegations of paragraph 7 of the Complaint.

8.  SpaceCo denies the allegations of paragraph 8 of the Complaint.

## COUNT I- INFRINGEMENT OF U.S. PATENT NO. RE 36,978

9.  SpaceCo reiterates and re-avers each and all of the averments of the preceding paragraphs as if re-written here in their entirety.

10. SpaceCo acknowledges U.S. Patent No. RE 36,978 (hereinafter "the '978 patent") was issued on December 5, 2000 and that the '978 patent was subject to a reexamination proceeding the concluded on March 4, 2010. SpaceCo denies that the '978 patent was duly and legally issued. SpaceCo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the Complaint and therefore, denies the same.

11. SpaceCo denies the allegations in Paragraph 11 of the Complaint.

12. SpaceCo denies the allegations in Paragraph 12 of the Complaint.

13. SpaceCo denies the allegations in Paragraph 13 of the Complaint.

14. SpaceCo admits that its activities are without authority and/or license from the Plaintiff, but denies that any such authority and/or license is required.

15. SpaceCo denies the allegations in Paragraph 15 of the Complaint.

16. SpaceCo denies the allegations in Paragraph 16 of the Complaint.

17. SpaceCo denies the allegations in Paragraph 17 of the Complaint.

18. SpaceCo denies the allegations in Paragraph 18 of the Complaint.

19. SpaceCo denies the allegations in Paragraph 19 of the Complaint.

## COUNT II- INFRINGEMENT OF U.S. PATENT NO. 8,462,103

20. SpaceCo reiterates and re-avers each and all of the averments of the preceding paragraphs as if re-written here in their entirety.

21. SpaceCo acknowledges U.S. Patent No. 8,462,103 (hereinafter "the '103 patent") was issued on June 11, 2013. SpaceCo denies that the '103 patent was duly and legally issued. SpaceCo is without knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21 of the Complaint and therefore, denies the same.

22. SpaceCo denies the allegations in Paragraph 22 of the Complaint.

23. SpaceCo denies the allegations in Paragraph 23 of the Complaint.

24. SpaceCo denies the allegations in Paragraph 24 of the Complaint.

25. SpaceCo admits that its activities are without authority and/or license from the Plaintiff, but denies that any such authority and/or license is required.

26. SpaceCo denies the allegations in Paragraph 26 of the Complaint.

27. SpaceCo denies the allegations in Paragraph 27 of the Complaint.

## JURY DEMAND

28. SpaceCo acknowledges that Plaintiffs have demanded a trial by jury on all issues so triable in the Complaint.

## PRAYER FOR RELIEF

29. SpaceCo denies that Plaintiffs are entitled to any of the relief sought in Plaintiffs' prayer for relief in the Complaint.

## **AFFIRMATIVE DEFENSES**

SpaceCo asserts the following affirmative and other defenses, reserving the right to modify, amend, and/or expand upon these defenses as discovery proceeds.

## FIRST AFFIRMATIVE DEFENSE

The '978 and '103 patents are invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including the failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

SpaceCo has not infringed, and is not infringing any of the claims of either of the '978 and/or '103 patents asserted by Plaintiffs either directly, contributorily, or by inducement.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against SpaceCo upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the '978 and '103 patents against SpaceCo, in whole or in part, by the doctrine of laches, estoppel, waiver, and/or acquiescence.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim and prayer for relief in the Complaint are barred and/or limited by the statute of limitations.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287 and are, therefore, limited to those damages occurring after notice of infringement to SpaceCo and/or after Plaintiffs provided proper public notice.

SEVENTH AFFIRMATIVE DEFENSE

SpaceCo has immunity from suit under 28 U.S.C. § 1498 for any alleged infringement arising out of devices which were manufactured for and/or sold to the United States government, and Mass Engineering's only remedy against said allegedly infringing products is suit against the United States in the Court of Federal Claims.

EIGHTH AFFIRAMTIVE DEFENSE

SpaceCo reserves the right to assert additional affirmative defenses, at such time, and to such extent, as warranted by discovery and factual developments in this case.

**COUNTERCLAIMS**

GENERAL COUNTERCLAIM ALLEGATIONS

1. SpaceCo is a corporation organized and existing under the laws of the State of Nevada and has its principal place of business at 17650 East 32nd Place, Suite 10A, Aurora, CO 80011.

2. Upon information and belief, Mass is a corporation organized and existing under the laws of the province of Ontario, Canada.

3. Upon information and belief, Moscovitch is a resident of the province of Ontario, Canada.

4. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331 and 1338 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

5. SpaceCo is engaged in the business of developing, manufacturing, and selling, *inter alia*, monitor arm products.

6. Upon information and belief, Mass is in the business of developing, manufacturing, and selling monitor arm products.

7. Upon information and belief, Moscovitch is the owner of the '978 and '103 patents.

8. Upon information and belief, Moscovitch licenses the '978 and '103 patents to Mass.

9. In the Complaint, Plaintiff asserts that SpaceCo has infringed and continues to infringe both the '978 and '103 patents by its manufacture, use, sale, importation and/or offer for sale of its multi-display monitor arm units, when configured for use with multiple monitors and other products, and by contributing to the inducement of others to manufacture, use, sell, import and/or offer for sale infringing products.

10. An actual, immediate and justiciable controversy therefore exists between SpaceCo and Plaintiff relating to the '978 and '103 patents.

COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT

11. SpaceCo incorporates by references the allegations contained in Paragraphs 1 through 10 of its Counterclaim above.

12. SpaceCo has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '978 or '103 patents.

13. SpaceCo is thus entitled to a decree and declaration of the Court that it does not infringe, either directly or indirectly, any valid and enforceable claim of the '978 or '103 patents.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

14. SpaceCo incorporates by references the allegations contained in Paragraphs 1 through 10 of its Counterclaim above.

15. At least one or more claims of both the '978 and '103 patents are invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. SpaceCo is entitled to a decree and declaration of the Court that one or more claims of both the '978 and '103 patents are invalid and/or unenforceable for failure to meet one or more of the requirements for patentability and/or enforceability as specified in the Patent Laws of the United States under 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## JURY DEMAND

Defendant and counterclaimant SpaceCo demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, SpaceCo prays that this Court enter judgment in its favor and grant the following relief:

A. A dismissal with prejudice of Plaintiff's claim(s) asserted against SpaceCo in the Complaint;

B.  A declaration that SpaceCo does not directly or indirectly infringe, any valid and enforceable claim of the '978 or '103 patents;

C.  A declaration that both the '978 and '103 patents are invalid and/or unenforceable against SpaceCo;

D.  A judgment that SpaceCo does not infringe either of the '978 or '103 patents;

E.  A judgment that Plaintiff take nothing by way of its Complaint;

F.  A declaration that Plaintiff is without right or authority to threaten or to maintain suit against SpaceCo and/or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, or users of SpaceCo's monitor arm products for alleged infringement of either of the '978 or '103 patents;

G.  A permanent injunction enjoining Plaintiff and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receives actual notice thereof, from initiating and/or maintaining infringement litigation and from threatening SpaceCo and/or any of its customers, dealers, agents, servants, or employees, or any prospective or present sellers, dealers, users of SpaceCo's products, with infringement litigation or charging any of them verbally or in writing with infringement of either of the '978 or '103 patents arising out of making, importing, offering for sale, sale, or use of any of SpaceCo's products currently alleged to infringe the '978 and '103 patents;

H.  A declaration that this case is exceptional in favor of SpaceCo under 35 U.S.C. § 285, and SpaceCo is, therefore, entitled to recover its reasonable attorney fees and other expenses and costs incurred in connection with this action; and

I.  An award to SpaceCo of such other and further relief as the Court deems just and proper.

Dated:  July 16, 2014  Respectfully submitted,

_____
Scott E. Stevens
Texas Bar Number 00792024
Todd Brandt
Texas Bar Number 24027051
Stevens | Love, PLLC
P.O. Box 3427
Longview, TX 75606-3427
Telephone:  (903) 753-6760
Fax:  (903) 753-6761
Email: scott@stevenslove.com
Email: todd@stevenslove.com

*ATTORNEYS FOR DEFENDANT,*
*SpaceCo Business Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 16th day of July, 2014.

_____
Scott E. Stevens