IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION


MASS ENGINEERED DESIGN, INC. )
                                    DOCKET NO. 6:14cv411
     -vs-                        )

                                 ) Tyler, Texas
SPACECO BUSINESS SOLUTIONS,        2:30 p.m.
INC.                             ) November 5, 2014


MASS ENGINEERED DESIGN, INC. )
                                    DOCKET NO. 6:14cv412
     -vs-                        )

ERGOTECH GROUP, INC.             )


MASS ENGINEERED DESIGN, INC. )
                                    DOCKET NO. 6:14cv413
     -vs-                        )

ISE, INC., ET AL                 )


MASS ENGINEERED DESIGN, INC. )
                                    DOCKET NO. 6:14cv414
     -vs-                        )

PLANAR SYSTEMS, INC.             )


MASS ENGINEERED DESIGN, INC. )
                                    DOCKET NO. 6:14cv431
     -vs-                        )

HERMAN MILLER, INC.              )


                    TRANSCRIPT OF SCHEDULING CONFERENCE
                    BEFORE THE HONORABLE LEONARD DAVIS,
                    UNITED STATES CHIEF DISTRICT JUDGE

1                    A P P E A R A N C E S

2

3

4      (SEE SIGN-IN SHEETS DOCKETED IN THE MINUTES OF THE HEARING.)

5

6

7                            *****

8                            SPEAKERS

9
       FOR THE PLAINTIFFS:
10

11     MR. ANDREW SPANGLER
       MR. JOHN EDMONDS
12     MR. STEVE SCHLATHER

13

14     FOR THE DEFENDANTS:

15
       MR. SCOTT STEVENS
16     MR. TODD BRANDT
       MR. GLENN THAMES
17     MS. ANNA PHILLIPS
       MR. GIL GILLAM
18

19
       COURT REPORTER:        MS. SHEA SLOAN
20                            shea_sloan@txed.uscourts.gov

21

22

23     Proceedings taken by Machine Stenotype; transcript was
       produced by a Computer.
24

25

```
 1                    P R O C E E D I N G S
 2              THE COURT:  Please be seated.
 3              All right.  Ms. Ferguson, if you will call the
 4    case.
 5              THE CLERK:  Court calls Cases Nos. 6:14cv411,
 6    6:14cv412, 6:14cv413, 6:14cv414, 6:14cv431, Mass Engineered
 7    v. SpaceCo Business Solutions, et al.
 8              THE COURT:  Okay.  Announcements.
 9              MR. SPANGLER:  Good afternoon, Your Honor.  Andrew
10    Spangler on behalf of the plaintiff.  With me today is Mr.
11    Shea Palavan, John Edmonds, Steve Schlather.  And we are
12    ready to proceed.
13              THE COURT:  Okay.  Thank you.
14              MR. GILLAM:  Good afternoon, Your Honor, Gil Gillam
15    on behalf of Herman Miller; and that is in the 431 case
16    originally.  We are ready to go.
17              THE COURT:  Okay.  Thank you.
18              MR. STEVENS:  Good afternoon, Your Honor, Scott
19    Stevens here for SpaceCo; and Todd Brandt is with me as well,
20    Your Honor.
21              THE COURT:  Okay.  Thank you.
22              MR. THAMES:  Good afternoon, Your Honor.  Glenn
23    Thames for Planar Systems.
24              THE COURT:  Okay.
25              MS. PHILLIPS:  Hello, Your Honor.  Anna Phillips
```

1  for the ErgoTech Group in the 412 case and ISE, Inc., in the

2  413 case.

3          THE COURT:  Okay.  Thank you.

4          All right.  We are here for the scheduling

5  conference.  Why don't -- let me just hear a brief opening

6  statement by both sides, just sort of what the case is about

7  and what you would like to see happen here today.

8          MR. SCHLATHER:  Good afternoon, Your Honor, Steve

9  Schlather for the plaintiffs.

10          As the Court may recall, this Court has tried a

11  case for Mass Engineered Design previously.

12          THE COURT:  I thought that sounded very familiar.

13  That was in Marshall, right?

14          MR. SCHLATHER:  It was.

15          THE COURT:  How long ago was that?

16          MR. SCHLATHER:  It was probably six years ago now.

17  I think it was in 2008 was the trial.

18          THE COURT:  And what was the outcome?  I don't

19  recall.

20          MR. SCHLATHER:  Finding of infringement and

21  validity for the plaintiff.

22          THE COURT:  Okay.

23          MR. SCHLATHER:  The technology relates to computer

24  monitor stands, multi-monitor stands.

25          THE COURT:  Right.  What were the damages in that

1    case?

2           MR. SCHLATHER:  I don't recall off the top of my

3    head, Your Honor.

4           THE COURT:  Y'all weren't involved in that?

5           MR. SCHLATHER:  No.

6           THE COURT:  Okay.  All right.  Go ahead.

7           MR. SCHLATHER:  So as I said, the case involves

8    relatively simple technology.  It is multi-monitor computer

9    stands.  As we said in the joint notice, the technology of

10   all of the accused products is similar, in that it generally

11   has the same types of components to hold these screens.

12          So as far as, you know, moving all of the cases

13   forward together, I think from our standpoint it makes sense

14   to consolidate the cases and move them forward together at

15   least through pretrial.

16          THE COURT:  There is no disagreement from the

17   defendants on consolidating for pretrial purposes, right?

18          MR. GILLAM:  No, Your Honor, there is not.

19          THE COURT:  Okay.

20          MR. SCHLATHER:  And, in fact, we have spoken with

21   Human Scale, Planar, and SpaceCo and have agreed to -- yeah,

22   Human Scale, Planar, and SpaceCo, and have agreed to use the

23   Track B schedule with a couple of slight modifications to put

24   in hard dates for initial disclosures and for invalidity

25   contentions.

1          THE COURT:  Okay.  And that -- who have you agreed

2    to do Track B with?

3          MR. SCHLATHER:  Excuse me.  It was Herman Miller,

4    Planar, and SpaceCo, Your Honor.  I'm sorry.

5          THE COURT:  Okay.  All right.  Then what about Ergo

6    and ISE?

7          MR. SCHLATHER:  We are -- I believe we are waiting

8    on them to hear back from them on whether they are agreeable

9    to Track B.

10          THE COURT:  Okay.  All right.  Okay.  Thank you.

11          Defendants?

12          MR. GILLAM:  Your Honor, Gil Gillam, again, on

13    behalf of Herman Miller.  That is correct, Your Honor,

14    SpaceCo, Planar, and Herman Miller have agreed to Track B in

15    this case.

16          The modifications which we would ask the Court for

17    is under the Management Order No. 2, the initial disclosures

18    and summary sales information.  We would like a hard date of

19    December 15th for the providing of that information.  And

20    then the only other modification we would ask for, Your

21    Honor, is No. 4.  That is invalidity contentions.  We have

22    agreed with the plaintiff that those would be due on January

23    the 15th.

24          THE COURT:  Okay.

25          MR. GILLAM:  But other than that, we have agreed to

1  go Track B.

2        THE COURT:  All right.  That is approved if both

3  sides agree to that.

4        And what do you think Track B will do for you in

5  this case?  Do you think it will be helpful to you or not

6  helpful to you?

7        MR. GILLAM:  Your Honor, in all --

8        THE COURT:  I know initially you had opposed it, I

9  think.

10        MR. GILLAM:  In all frankness, Your Honor, our

11  discussions amongst all of us and with our clients have been

12  to oppose it, to begin with.  And then we took a look at it

13  today as we sat down for about an hour beforehand and

14  thought, well, in this particular case it makes some sense

15  because there is some flexibility involved in setting of

16  future schedules and things such as that.  I think in this

17  particular case it is probably okay.

18        There is a concern, I will tell you, on behalf of

19  defendants generally, I think, with Track B simply because it

20  is still sort of an unknown -- it is an unknown quantity.  I

21  think defendants typically are used to patent cases

22  proceeding the way patent cases have proceeded here.  And so

23  there is a familiarity with that that is not there with Track

24  B yet.

25        But in this case given what we know about it, we

1   think it is okay.

2          THE COURT:  Well, we are just experimenting with

3   it, so I appreciate that feedback; and we are trying to -- if

4   we need to tweak it some -- again, on all these Track A's and

5   B's I'm not married to any of them.  I'm just trying to give

6   some food for thought for both sides to put their heads

7   together and see if there is a -- if it makes sense, if it is

8   less expensive, if it might help you get to resolution of

9   your case earlier.

10         And actually, I mean, Track B evolved out of

11  concern I heard mainly expressed by in-house counsel for

12  defendants wanting to be able to get a handle on their case

13  earlier, know what is involved, you know, and get it --

14  rather than having to -- looking at a big discovery bill and

15  expense way down the road until they ever find out really

16  what they are being sued for or for how much is really

17  involved.  So --

18         MR. GILLAM:  Certainly.

19         THE COURT:  Anyway, I hope you will give me any

20  other feedback you have, either formally or informally.  I

21  would appreciate it.

22         MR. GILLAM:  Yes, sir.  Certainly will, Your

23  Honor.

24         THE COURT:  All right.  What about ISE and

25  ErgoTech?

1          MS. PHILLIPS:  Yes, Your Honor.  We were made aware

2     of the agreement between the other defendants and the

3     plaintiff about a half an hour before the conference.  As you

4     know, we have agreed to settle in principal, but I have a

5     call in to the partner about the change in this Track B

6     schedule, and I am still waiting to hear back.

7          THE COURT:  Okay.

8          So let me ask both Counsel for plaintiff and

9     defendant in the ErgoTech and ISE, has it been settled in

10    principal?  Has anything been reduced to writing?  Or what

11    does that mean?

12         MR. SCHLATHER:  I believe it has been settled in

13    principal.  We have exchanged drafts.  Both sides have

14    exchanged drafts of settlement agreements, and I expect that

15    we will be able to resolve any differences that remain

16    relatively quickly.

17         THE COURT:  Okay.  All right.

18         Well, just since we are all here and just for sake

19    of consistency, I am going to go ahead and assign it to Track

20    B just as the other three cases, but hopefully you will get

21    that -- get the case resolved before you ever have to enter a

22    docket control order.

23         If you don't and if after visiting further on this,

24    I will certainly entertain a motion to modify that from

25    defendants if for some reason Track B doesn't make sense.

1          MS. PHILLIPS:  Thank you, Your Honor.

2          THE COURT:  Okay.  Thank you.

3          All right.  Very well.  Anything further from the

4     parties on these cases?

5          MR. STEVENS:  Your Honor, Scott Stevens for

6     SpaceCo.

7          THE COURT:  Yes, Mr. Stevens.

8          MR. STEVENS:  I just would like to point out to the

9     Court that our client has filed an IPR, and we filed a motion

10    to stay, so SpaceCo's agreement to this is subject to our

11    motion to stay.

12         THE COURT:  Understood, understood.  And we will

13    look at that as we are able to as we proceed.

14         MR. STEVENS:  Thank you.

15         MR. THAMES:  Your Honor, Glenn Thames.  With the

16    same caveat to my client to make with regard to a motion to

17    transfer venue that we have on file.

18         THE COURT:  Understood.  Okay.  Very well.

19         Anything further?

20         MR. EDMONDS:  Just briefly.  You had asked the

21    defendants kind of what they were looking for from Track B,

22    so I thought, well fair enough, if we could express --

23         THE COURT:  Yeah, sure.

24         MR. EDMONDS:  -- what we are looking for as well.

25         THE COURT:  I appreciate that.

1          MR. EDMONDS:  This is somewhat of a unique case

2     before the Court in that you have construed the terms of the

3     '978 patent, which is one of the three patents.  Most of the

4     defendants just have two patents-in-suit.  The '978 goes

5     across all of them.

6          The other two patents have already been litigated

7     in the Eastern District of Virginia.  There is a claim

8     construction order covering them.  Almost all of those terms

9     were ordinary meaning.

10         So this is a case where we hope to get this Court,

11    to the extent it is going to readdress Markman, to do it

12    sooner instead of later so that everybody knows whether we

13    still kind of stand where we did before.

14         And in terms of, you know, kind of in-house counsel

15    liking to know -- everybody wants to know where we stand

16    early, this case from our perspective gives a good

17    opportunity to do that because much of the work has already

18    been done, including by this Court.

19         THE COURT:  Okay.  So when would you be ready for a

20    Markman Hearing?

21         MR. EDMONDS:  Speaking for the plaintiff, we would

22    be ready at any time.  I mean, the terms that have already

23    been construed either by this Court or by the Eastern

24    District of Virginia, I think, run the gamut.  I mean, as

25    defendants typically do, they -- there is a lot in there,

1   so -- and, you know, even if it is a special procedure in the

2   sense somebody thinks this Court's claim constructions were

3   incorrect, to start by saying why they are incorrect.

4          I have had that in a case with you years ago where

5   you had already construed them, and I think you said we are

6   going to start off by briefing why my other claim

7   construction order was incorrect.  We will start off there.

8          But, you know, just thinking kind of outside the

9   box of ways to streamline it, you know, if the Court does

10  Markman earlier instead of later, then everybody should know

11  where they stand.  And, like I said, a lot of legwork has

12  already been done by the Court.

13         THE COURT:  Okay.  What is defendants' position on

14  that?

15         MR. THAMES:  Your Honor, Glenn Thames for Planar

16  Systems.  I think at this stage we don't have enough

17  information to really address that.  I would say that this

18  is, I believe, what Track B is sort of designed to do at the

19  second case management conference when we get to that point,

20  which is after we trade these initial disclosures and find

21  out exactly what we are dealing with here and then at that

22  time we can come up with a custom tailored schedule to fit

23  the case as the case may be.

24         It sounds like the plaintiff would have -- is going

25  to have some arguments at that time that a quicker than

1 normal schedule is appropriate, given the past claim

2 constructions.  But standing here today I don't have enough

3 information to be able to tell Your Honor that that is really

4 going to save us a lot of time or work.

5 　　　　　　THE COURT:  Okay.  Well, I was going to go ahead

6 and give you some dates.  I had in mind April 23rd, 2015, for

7 your Markman Hearing.

8 　　　　　　Would plaintiff like to see it sooner than that if

9 we could do it, or does that sound reasonable?

10 　　　　　　MR. EDMONDS:  It certainly sounds reasonable.  We

11 would be happy to do it sooner.  It seems like we are going

12 to have their -- they already have our infringement

13 contentions.  We did them along the normal time frame.  We

14 are going to have their validity contentions in January.  It

15 seems like at that point both sides should kind of know where

16 the battle lines are drawn, so we would encourage it,

17 frankly, earlier if the Court could accommodate it.

18 　　　　　　THE COURT:  Okay.

19 　　　　　　MR. GILLAM:  Well, certainly, Your Honor, echoing

20 what Mr. Thames said, we simply do not know at this point

21 where we stand on this.  This case, insofar as Herman Miller

22 is concerned -- actually Herman Miller with respect to the

23 '978 patent in this case was sued some five years, and then

24 it went through a series of things and was eventually

25 dismissed by the plaintiff.

1    So we would certainly not want it any earlier than

2  April 23, 2015, but would at least like to have the

3  opportunity to consult with our clients with respect to that

4  and, perhaps, consult, obviously, with the plaintiffs under

5  the terms of Track B as well and see what might be an

6  appropriate time for the Markman.

7    THE COURT:  Okay.  So both of you then anticipate

8  then coming back for a management conference at some point

9  after the invalidity contentions have been served; is that

10  correct?

11    MR. GILLAM:  Yes, Your Honor, that is correct.

12    THE COURT:  All right.  Well, we will proceed in

13  that fashion, and we will wait to hear from you on that.

14  Just for -- I do want to keep the case moving.  The dates --

15  I am not setting if for this, but the dates I have available

16  that I was considering unless we come up with something more

17  novel was an April 23rd, 2015, Markman Hearing.  Just keep

18  that in mind and we can talk about that further at our

19  management conference.

20    MR. THAMES:  Your Honor, just real briefly, I tried

21  to do some quick calculations on the typical Track B

22  schedule, and it looks like that following that, that our 4-3

23  would just be getting done in March, so that doesn't leave us

24  very much of a window for briefing following the 4-3

25  statement.  So just something to think about, Your Honor.

1          THE COURT:  Okay.

2          MR. EDMONDS:  Your Honor, we certainly -- I mean

3     the 4-3's and 4-2's can all be -- I think if we have a

4     Markman date, all of those other dates can be adjusted fairly

5     easily.

6          What I would request, and maybe it is asking too

7     much, but if you could -- if you could pencil us in for that

8     date, and then -- and I understand the defendants don't want

9     to commit to it; but at least the opportunity would be there

10    when we come back and see you as opposed to that date filling

11    back up because it does seem like a reasonable date.

12         THE COURT:  Okay.  I am going to go ahead and give

13    you these dates and we'll go ahead and set them for these

14    dates but subject to modification at our management

15    conference if either side wants to move forward.

16         So Markman on April 23rd, case is set for jury

17    selection and trial on April 4th of 2016.  That would be jury

18    selection and trial either starting on the 4th or the 11th.

19    Pretrial will be on March 24th of 2016.  So you can work

20    those into your plans and your discussions and then we can

21    discuss it when we get to that point.

22         Okay.  Anything further?

23         MS. PHILLIPS:  Your Honor -- I'm sorry -- I just

24    heard back, ISE and ErgoTech agree to the Track B schedule.

25         THE COURT:  Very good.  Okay.  Thank you.

1          Everybody is on Track B then.

2          All right.  We will be adjourned.  Thank you.

3          (Hearing adjourned.)

4

5

6                         CERTIFICATION

7

8              I HEREBY CERTIFY that the foregoing is a true

9    and correct transcript from the stenographic notes of the

10   proceedings in the above-entitled matter to the best of my

11   ability.

12

13   /s/ Shea Sloan
     SHEA SLOAN, CSR, RPR
14   Official Court Reporter
     State of Texas No.:  3081
15   Expiration Date:  12/31/14

16

17

18

19

20

21

22

23

24

25