IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC., | § § § |
| Plaintiff, | § § |
| v. | §  Case No. 6:14-cv-411 § § Consolidated Lead Case |
| SPACECO BUSINESS SOLUTIONS, INC., | § § § |
| Defendant. | § § |

## TRACK B INITIAL PATENT CASE MANAGEMENT ORDER

Pursuant to FED. R. CIV. P. 16(b), the Court **ORDERS** the following:

1. **Infringement Contentions and Licensing Disclosures**.  Plaintiff has already served its infringement contentions and accompanying document disclosures, as well as all licenses or settlement agreements concerning the patents-in-suit and any related patent.

2. **Initial Disclosures and Summary Sales Information**.  All parties shall serve Initial Disclosures per FED. R. CIV. P. 26(a)(1) on or before December 15, 2014.  Each party opposing a claim of patent infringement shall also produce summary sales information reflecting the quantity of accused products sold in the United States and the revenues from those sales on or before December 15, 2014.  For purposes of this disclosure, accused products include all products identified in the infringement contentions and all reasonably similar products (i.e., other products that a party should reasonably expect to be accused of infringement of the asserted claims after a full opportunity for discovery).

3. **Good Faith Damages Estimate**.  Within 14 days of the service of Initial Disclosures and

summary sales information, each party claiming patent infringement shall file a good faith estimate of its expected damages, including a summary description of the method used to arrive at that estimate. This good faith estimate is non-binding in that it will not serve to limit the damages a party may recover.

4. **Invalidity Contentions**. Each party opposing a claim of patent infringement shall serve its invalidity contentions and accompanying production in compliance with P.R. 3-3 and 3-4 on or before January 15, 2015.

5. **Management Conference**. The Court has already set a management conference for 9:00 a.m. on February 18, 2015. The parties shall proceed with claim construction related disclosures as follows:

| | |
|---|---|
| 1/25/15 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| 2/4/15 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| 2/15/15 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
| 2/24/15 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| 3/1/15 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |
| 3/15/15 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| 3/22/15 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |

| | |
|---|---|
| 4/8/15 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |

All local patent rule deadlines after the Markman hearing statement will be set at the management conference.

6. **Conference of the Parties and Discovery Plan**. At least 14 days before the date set by the Court for the management conference, the parties shall confer pursuant to FED. R. CIV. P. 26(f). At least 7 days before the date set by the Court for the management conference, the parties shall jointly file a discovery plan that addresses each of the following:

    a. the existence of related cases and the appropriateness of consolidation;

    b. appropriate discovery limitations considering the case facts and likely value, including written discovery limits, deposition limits, the number of expert witnesses, and whether expert depositions should be authorized;

    c. whether document production should proceed by request for production or mandatory disclosure;

    d. whether the court should enter the EDTX Model Order Focusing Patent Claims and Prior Art to Reduce Costs or modifications thereto;

    e. whether the court should enter the EDTX Model Order Regarding E-Discovery or modifications thereto;

    f. amendments to the Standard Protective Order or entry of an agreed protective order;

    g. the scheduling of the case for claim construction, including an appropriate limit on the number of claim terms for construction, and trial scheduling;

    h. the appointment of a mediator and an appropriate mediation schedule;

      i.    clearly dispositive issues that warrant special scheduling;

      j.    the appropriateness of an expedited trial, consolidated claim construction and trial procedure, trial on limited issues, or a stipulation for post-trial mediation before the entry of judgment on the verdict;

      k.    any existing or likely discovery disputes; and

      l.    whether the parties consent to trial before a magistrate judge.

For any areas of dispute, the report should clearly define the parties' respective positions so that all issues can be decided at the management conference.

7.    **Initial Discovery Limitations**.  Prior to the management conference, discovery shall be limited to 5 interrogatories, 5 requests for production, and 5 requests for admission per side, not per party, absent leave of court or stipulation of the parties.  If this amount of discovery is insufficient for the parties' needs, the parties may move for additional discovery.  In light of the expeditious nature of the Track B schedule, should any party file an opposed motion to amend this Order, the parties are strongly encouraged to meet and confer and submit an agreed briefing schedule for that motion.

8.    **Management Conference Requirements**.  At the management conference, the parties shall be prepared to discuss each of the items addressed in paragraph 6 and any other issues that may be set by the Court.  In particular, the Court is interested in setting a schedule and discovery limitations that are fair and adequate, but that also bear an appropriate relationship to the likely value of the case.

9.    **Sanctions**. Failure to comply with this order invites sanctions. Additionally, while the Court is cognizant that this order requires certain disclosures that depend on the exercise of judgment at an early stage of the case, should case development reveal that a party's disclosures

under this order lacked a good faith basis, were unreasonably sparse, or were intentionally misleading, appropriate sanctions will be imposed.

**So ORDERED and SIGNED this 24th day of November, 2014.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE