# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

HUMANSCALE CORPORATION, )
)
Plaintiff, )
) Civil Action No. 1:13-cv-535
v. )
)
MASS ENGINEERED DESIGN, INC., )
et al. )
)
Defendants. )

## CLAIM CONSTRUCTION OF THE PATENTS-IN-SUIT

THIS MATTER comes before the Court for claim construction in accordance with Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). The following United States Patents are at issue:

- RE36,978 (the "'978 patent"), entitled "Dual Display System," which issued on December 5, 2000

- RE42,091 (the "'091 patent"), entitled "Computer Display Screen System and Adjustable Screen Mount, and Swinging Screens Therefor," which issued on February 1, 2011

- 8,102,331 (the "'331 patent"), entitled "Horizontal Three Screen LCD Display System," which issued on January 24, 2012

- 8,462,103 (the "'103 patent"), entitled "Computer Display Screen System and Adjustable Screen Mount, and Swinging Screens Therefor," which issued on June 11, 2013.

For reasons stated from the Bench, it is hereby
ORDERED:

- that the term "arm" should be construed as part, similar to a human arm, such as the projection from a central support in a machine,; and

- "base/base member/base structure" should be construed as the lowermost portion of the system for resting on a work surface and that supports the arm assembly, arms, or support arm structure above the work surface; and

- "mounting member" should be construed as a member of the support arm structure used for mounting; and

The Court finds that the following terms need no further construction and should be given their plain and ordinary meaning:

- "each of the first computer display and the second computer display is capable of being more vertical than horizontal" ('103 patent); and

- "extendable from a retracted configuration to an extended configuration" ('103 patent); and

- "means for adjusting the angular orientation of each of the displays relative to the arm assembly to thereby permit said displays to be angled toward each other to a desired degree" ('978 patent); and

- "means for adjusting the angular orientation of each of the display relative to the arm assembly about a generally vertical axis to thereby permit said displays to be angled relative to each other to a desired degree" ('978 patent); and

- "mounting means for mounting the displays to the arm assembly" ('978 patent); and

- "positioning means for positioning displays" ('978 patent); and

- "rest[ing] . . . on a surface" ('091, '331, and '103 patents); and

- "resting on a counter" ('103 patent); and

- "stand[ing] on [a/the] . . . surface" ('978 patent); and

- "support arm structure [having a single piece support arm]" ('331 patent); and

- "support means for supporting the arm assembly from the base member" ('978 patent); and

- "support means having a base for supporting the arm assembly above a support surface" ('978 patent); and

- "support surface" ('978 patent); and
- "the ends are oriented vertically" ('103 patent).

Additionally, the parties have agreed to construe the following terms accordingly:

- "oldie arm" ('331 patent) should be construed as of the arm; and

- "a plane asymmetry" ('331 patent) should be construed as a plane of symmetry; and

- "connector means for connecting one of the displays to the arm at positions spaced along the arm, whereby the spacing between the displays can be adjusted" ('978 patent) should be construed as Function: connecting one of the displays to the arm at positions spaced along the arm, whereby the spacing between the displays can be adjusted. Structure: socket 202, socket 204, plug 194 and bolt 200, plus equivalents; and

- "external fastening element" ('331 patent) should be construed as a component that is initially outside the support arm structure and the support column, and which secures the support arm structure to the support column; and

- "integral" ('091 patent) should be construed as one piece; and

The Court adopts the foregoing constructions of the claims.

It is so ORDERED.

>                     /s/
>           Claude M. Hilton
>        United States District Judge

Alexandria, Virginia
January _10_, 2014

**Crystal Thanos**

| | |
|---|---|
| **From:** | Steve Schlather |
| **Sent:** | Friday, January 10, 2014 3:44 PM |
| **To:** | Mass-Humanscale; Allan Tameshtit; jerry@massedi.com; Jesse Villegas; Crystal Thanos |
| **Subject:** | FW: Activity in Case 1:13-cv-00535-CMH-IDDVAED Humanscale Corporation v. Mass Engineered Design, Inc et al Order |
| **Attachments:** | Mass - Markman Order.pdf |

Attached is the Court's Markman Order.

------ Forwarded Message
**From:** "cmecf@vaed.uscourts.gov" <cmecf@vaed.uscourts.gov>
**Date:** Fri, 10 Jan 2014 16:40:30 -0500
**To:** "Courtmail@vaed.uscourts.gov" <Courtmail@vaed.uscourts.gov>
**Subject:** Activity in Case 1:13-cv-00535-CMH-IDDVAED Humanscale Corporation v. Mass Engineered Design, Inc et al Order

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.  To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of Virginia -

# Notice of Electronic Filing

The following transaction was entered  on 1/10/2014 at 4:40 PM EST and filed on 1/10/2014
**Case Name:** Humanscale Corporation v. Mass Engineered Design, Inc et al
**Case Number:** 1:13-cv-00535-CMH-IDD <https://ecf.vaed.uscourts.gov/cgi-bin/DktRpt.pl?295101>
**Filer:**
**Document Number:**  111
<https://ecf.vaed.uscourts.gov/doc1/18915467889?caseid=295101&de_seq_num=432&magic_num=86857907>
**Docket Text:**
**CLAIM CONSTRUCTION OF THE PATENTS-IN-SUIT AND ORDER (see Order for details).  Signed by District Judge Claude M. Hilton on 01/10/14. (pmil, )**

**1:13-cv-00535-CMH-IDD Notice has been electronically mailed to:**

Christopher     Barron Roth                                     croth@bannerwitcoff.com, arisk@bannerwitcoff.com

1


F.  Elizabeth Burgin Waller  bburgin@woodsrogers.com, amos@woodsrogers.com, hpogorzelski@cepiplaw.com, jedmonds@cepiplaw.com, jvillegas@cepiplaw.com, sschlather@cepiplaw.com

Frederic  M. Meeker  fmeeker@bannerwitcoff.com, arisk@bannerwitcoff.com, ASobiesczk@fredlaw.com, asobiesczyk@fredlaw.com, ASteinert@fredlaw.com, BWLitdocket@bannerwitcoff.com, duhrich@fredlaw.com, kniederluecke@fredlaw.com, rwulff@fredlaw.com

**1:13-cv-00535-CMH-IDD Notice has been delivered by other means to:**

Kurt  Niederluecke
Fredrikson & Byron, P.A.
 200 South Sixth St., Ste. 4000
 Minneapolis,  MN 55402

The following document(s) are associated with this transaction:
**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091796605 [Date=1/10/2014] [FileNumber=4968802-0
] [a39862e831f6b296da9f62afcf44941d05da6cf2e797c9a7215e532e57a81cb7fac
15a2e7eb9ba46476ec7fbd5df53b1f5dc80591effb40a068a70885e9b8a93]]


------ End of Forwarded Message