# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.,** | § § | |
| **Plaintiff,** | § § | **Civil Action No. 6:14-cv-00411-LED** |
| **v.** | § § | **LEAD CASE** |
| **SPACECO BUSINESS SOLUTIONS, INC.,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |
| **v.** | § § | |
| **PLANAR SYSTEMS, INC.,** | § § | **Civil Action No. 6:14-cv-00414-LED** |
| **Defendant.** | § § | |

## PLAINTIFF'S AMENDED RULE 30(B)(6) NOTICE FOR DEFENDANT PLANAR

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Mass Engineered Design, Inc. ("Mass") will take a Rule 30(b)(6) deposition upon oral examination of Defendant Planar Systems, Inc., at the following date, time and location:

| Date | Time | Location |
|---|---|---|
| April 22, 2015 | 9:00 a.m. | Aufdermauer Pearce Court Reporting 101 SW Main St #1940Suite 1940 Portland, Oregon 97204 |

and continuing day to day until completed. Pursuant to Federal Rule of Civil Procedure 30(b)(2), the testimony shall be recorded by stenographic, including the use of real time transcription (*e.g.,* Live Notes), sound and/or visual means (*e.g.,* videotape). Defendant is directed to designate and produce, pursuant to Federal Rule of Civil Procedure 30(b)(6), one or more of its officers, directors, managing agents, or other designated persons, to testify on its behalf as to the

information known or reasonably available to Defendant concerning those matters set forth in

Attachment A.

The defendant shall identify the designee for each topic to Mass's counsel in writing at

least five business days in advance of the Rule 30(b)(6) deposition.

March 21, 2015                                    Respectfully submitted,

                                                 /s/ John J. Edmonds
                                                 John J. Edmonds – LEAD ATTORNEY
                                                 Texas State Bar No. 789758
                                                 Stephen F. Schlather
                                                 Texas State Bar No. 24007993
                                                 Shea N. Palavan
                                                 Texas State Bar No. 24083616
                                                 COLLINS, EDMONDS, POGORZELSKI,
                                                 SCHLATHER & TOWER, PLLC
                                                 1616 S. Voss Road, Suite 125
                                                 Houston, Texas 77057
                                                 Telephone: (281) 501-3425
                                                 Email: jedmonds@cepiplaw.com
                                                         sschlather@cepiplaw.com
                                                         spalavan@cepiplaw.com

                                                 Andrew W. Spangler
                                                 Texas State Bar No. 24041960
                                                 Aarika K. McCloskey
                                                 Texas State Bar No. 24088766
                                                 Spangler Law P.C.
                                                 208 N. Green Street, Suite 300
                                                 Longview, TX 75601
                                                 Telephone: (903) 753-9300
                                                 Email: spangler@spanglerlawpc.com
                                                         aarika@spanglerlawpc.com

                                                 Attorneys for Plaintiff
                                                 Mass Engineered Design, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2015, I am serving the foregoing document via email to all known counsel of record.

March 21, 2015                                    /s/ John J. Edmonds
                                                 John J. Edmonds

ATTACHMENT A

DEFINITIONS AND INSTRUCTIONS

1. "AFFILIATE" is defined as a person that directly, or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, the person specified. Relative to the definition of "AFFILIATE," control means the possession, direct or indirect, or the power to direct or cause the direction of management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.

2. "PLANAR," "DEFENDANT," "YOU" and "YOUR" means Planar Systems, Inc., its AFFILIATES and their predecessors and successors in interest; persons or entities who act at the direction or control of the foregoing; employees, officers, managers, agents, lawyers and contractors of the foregoing; and any other persons or entities with documents or information that are in custody or control of, or that are reasonably available to, any of the foregoing.

3. "INFRINGING PRODUCTS" refers to the products identified in Plaintiff's P.R. 3-1 Infringement Contentions for YOU, including the Dual Stand (Models 997-5253-00 and 997-6504-00), Quad Stand (Model 997-5602-00), and Triple Stand (Model 997-6035-00SS02X8.

4. The terms "MASS" and "PLAINTIFF" refer to the Plaintiff Mass Engineered Design, Inc., its predecessors and successors in interest, and its employees, including Jerry Moscovitch and Allan Tameshtit, officers, managers, agents, lawyers and contractors.

5. The terms "DOCUMENT" and "THING" means the documents and things within the broadest scope of the Federal Rules of Civil Procedure, including electronically stored information, data, videos, television shows, commercials, materials stored in any media, and any other information stored magnetically, optically or electronically.

6.      The term "COMMUNICATION" includes, without limitation, communications by whatever means transmitted (*i.e.*, whether oral, written, electronic or other methods used), as well as any note, memorandum, correspondence or other record thereof.

7.      The term "PERSON" means any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

8.      Whenever the singular is used, it shall also be taken to include the plural, and vice versa. Whenever the conjunctive is used, it shall also be taken to include the disjunctive, and vice versa.

9.      The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the Interrogatory more inclusive.

10.     The terms "each", "any" and "every" shall mean each and every.

11.     The term "any" shall include the word "all," and vice versa.

12.     "'978 PATENT" refers to U.S. Patent No RE 36,978.

13.     "'331 PATENT" refers to U.S. Patent No. 8,102,331.

14.     "PATENTS-IN-SUIT" refers collectively to the '978 PATENT and the '331 PATENT.

15.      "MAKING" includes having made.

16.     The term "LAWSUIT" refers to the lawsuit styled hereinabove.

17.     The term "DATE(S)" means the exact day, month and year, if ascertainable, or if the exact day, month and year are not ascertainable, then the best approximation thereof (including relationship to other events).

18.     When the term "IDENTITY," "IDENTIFY" or "IDENTIFICATION," or a variation thereof is used in conjunction with an individual person, or if the response to any request

herein refers to an individual person, YOU are to provide for each such individual person the: (a) full name, (b) present or last known address and telephone number (business and residential), (3) job title, or if he or she has no job title, a brief description of his or her job responsibilities, and (4) present or last known employer.

19.     When the term "IDENTITY," "IDENTIFY" or "IDENTIFICATION," or a variation thereof is used in conjunction with something contended to be prior art, then: (a) each prior art patent shall be identified by its number, country of origin, and date of issue; (b) each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher; (c) prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known; (d) prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived; (e) prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

20.     The terms "STATE," "DESCRIBE" or "DESCRIPTION," and any variants thereof, means to set forth a complete and detailed statement of the facts referring or relating to the subject matter, including, without limitation, the identity of all persons or all communications, DOCUMENTS, and meetings referring or relating to the subject matter.

21.     "USA" or "U.S.A." or "UNITED STATES" refers to the United States of America, and all states, territories and locations therein.

6

22.     "PROFIT(S)" refers to any and all of gross profits, net profits, gross margins and/or profit margins, and further includes any measures of profitability calculated in the ordinary course of business.   GROSS PROFIT equals sales revenue minus cost of goods sold; unless YOU use a different definition of gross profit in the normal course of your business, in which case YOU can use YOUR definition for purposes of responding to this interrogatory.   OPERATING PROFIT is sales revenue minus cost of goods sold and all expenses except for interest and taxes, and it is sometimes referred to as Earnings Before Interest and Taxes (EBIT), Operating Profit Before Interest and Taxes (OPBIT) and/or Profit Before Interest and Taxes (PBIT); unless YOU use a different definition of operating profit in the normal course of your business, in which case YOU can use YOUR definition for purposes of responding to this interrogatory.

23.     "GEORGIA-PACIFIC FACTORS" means factors relevant to a reasonable royalty determination, including at least the fifteen factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 6 USPQ 235 (SD NY 1970).

## RULE 30(B)(6) TOPICS

1.     The facts and circumstances, including the entities involved at every step in the process, for the method, manner and means by which INFRINGING PRODUCTS are made, used, sold or offered for sale in the USA, or imported into the USA, from and after May 5, 2007.   And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

2.     Separately for each INFRINGING PRODUCT made, used, sold or offered for sale in the USA, or imported into the USA from and after May 5, 2007, the facts and circumstances of, including pricing policies and further including YOUR records of, pricing, including:

     (A)     purchase pricing (e.g., the price(s) at which YOU purchase such products);

     (B)     wholesale pricing;

     (C)     sales pricing (e.g.,, the price(s) at which you sell such products to others); and/or

     (D)     actual and/or suggested retail pricing;

for each such INFRINGING PRODUCT. This information should be broken down by INFRINGING PRODUCT and by month (or if monthly data is not available, then by quarter, or if quarterly data is not available, by year). And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

3.     The facts and circumstances, including the entities involved, of the manufacture, distribution into and within the U.S., sales in and from the U.S., and/or imports into the U.S. of the INFRINGING PRODUCTS.

4.     The facts and circumstances of each and every step of the distribution chain and/or distribution process for each of the INFRINGING PRODUCTS – including from manufacture through import, wholesale and/or retail – including, but not limited to, the manufacturer of the INFRINGING PRODUCTS; the company, corporation or entity that supplies, sells and/or provides the INFRINGING PRODUCTS to YOU; the resellers, distributors, retailers and/or customers to whom YOU sell, supply and/or provide the INFRINGING PRODUCTS.

5.     The identity and location of each and every entity that (a) imports INFRINGING PRODUCTS into the U.S.; (B) manufactures INFRINGING PRODUCTS which are later imported into the U.S. and/or sold in the U.S.; (d) designs and/or develops INFRINGING PRODUCTS for importation and/or sale in the U.S.

6.      Separately for each INFRINGING PRODUCT made, used, sold or offered for sale in the USA, or imported into the USA from and after May 5, 2007, the facts and circumstances of, including YOUR calculation and/or records of, all sales and/or imports, including:

(A)     unit sales and/or imports; and/or

(B)     sales REVENUES (this includes REVENUES for sales in and from the USA and also revenues from products made in the USA which you contend are sold outside the USA).

This information should be broken down by INFRINGING PRODUCT and by month (or if monthly data is not available, then by quarter, or if quarterly data is not available, by year). And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

7.      Separately for each of the ACCUSED PRODUCTS, state and set forth YOUR calculations of PROFIT (*e.g.*, gross margin, gross income, gross profit, operating income and/or operating profit), from and after May 5, 2007, at whatever level(s) of granularity or detail that it is available and/or calculable relative to the each such ACCUSED PRODUCT (for example for each ACCUSED PRODUCT on a product by product basis, for categories of products, by business unit or division and/or company-wide).  And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

7.      The date upon which YOUR first making, use, sale, offer for sale or importing of each INFRINGING PRODUCT occurred, and the facts and circumstances of such making, use, sale,

offer for sale or importing. And the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity and location of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

8.      For each INFRINGING PRODUCT made, used, sold or offered for sale in the USA, or imported into the USA from and after May 5, 2007, the facts and circumstances of, including YOUR calculation and/or records of, all profits, including YOUR gross margin, gross income, gross profit, operating income and operating profit at whatever level(s) of granularity or detail that it is available and/or calculable relative to the INFRINGING PRODUCTS (for example for each INFRINGING PRODUCT on a product by product basis, for categories of products (e.g., monitor stands, multi-monitor stands, etc.), by business unit or division and/or company-wide).  Such profit information should be for quarter and/or year for 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014 and 2015 year to date; and the identity of the at least three (3) persons most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

9.      The facts and circumstances of COSTS relating to the INFRINGING PRODUCTS, including the IDENTITY and amounts of all costs, by category and/or line item, deducted (e.g., from gross margin) or considered; and/or that YOU contend should be deducted or considered; to arrive at and/or determine the foregoing profit.

10.     For each INFRINGING PRODUCT made, used, sold or offered for sale in the USA, or imported into the USA from and after May 5, 2007, the facts and circumstances of, including YOUR calculation and/or records of, all costs of goods sold, including YOUR variable cost and/or cost of goods sold at whatever level(s) of granularity or detail that it is available and/or calculable

relative to the INFRINGING PRODUCTS (for example for each INFRINGING PRODUCT on a product by product basis, for categories of products (e.g., monitor stands, multi-monitor stands, etc.), by business unit or division and/or company-wide).  Such cost information should be for quarter and/or year for 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014 and 2015 year to date; and the identity of the at least three (3) persons most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

11.     The IDENTITY and amounts of all costs, by category and/or line item, deducted or considered, and/or that YOU contend should be deducted and/or considered; to arrive at and/or determine the foregoing variable costs and/or cost of goods sold for YOU and the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

12.     YOUR cost of capital for each quarter and/or year for 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014 and 2015 year to date; and the method used to calculate it; and the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

13.     The identity of the financial documents (e.g., financial statements) prepared by or for YOU periodically or in the ordinary course of YOUR business.

14.     The facts and circumstances of accounting and/or financial policies, practices and/or records, including of YOU and/or YOUR AFFILIATES relative to the INFRINGING

PRODUCTS; and the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity and location of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

15. The ability of YOU and/or YOUR AFFILIATES to generate print-outs and/or make queries of transactional, financial, sales, revenue and/or profit information relative to INFRINGING PRODUCTS.

16. The facts and circumstances of all plans (including business plans), justifications (including business justifications), forecasts (including forecast reports), projections (including revenue and/or profit projections), and/or estimates relating to the INFRINGING PRODUCTS.

17. The identity, general contents, location and custodians of all plans (including business plans), justifications (including business justifications), forecasts (including forecast reports), projections (including revenue and/or profit projections), and/or estimates relating to the INFRINGING PRODUCTS. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

18. The facts and circumstances of how any INFRINGING PRODUCTS promote, impact, increase and/or encourage the sales of any other products (*e.g.*, flat screen computer monitors) or services (*e.g.*, installation and/or consulting services). And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

19.     The facts and circumstances of budgets, including information contained in budgets, relating the INFRINGING PRODUCTS, including the facts and circumstances of ledger reports. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

20.     The facts and circumstances of benefits to YOU from sales of INFRINGING PRODUCTS. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

21.     The facts and circumstances of the promotion, marketing and/or advertising of the INFRINGING PRODUCTS in and/or directed to the USA from and after May 5, 2007, including the types or categories of such promotion, marketing and/or advertising and the amounts spent and/or budgeted for each such activity by quarter and/or year for 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014 and 2015 year to date; and the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.

22.     The facts and circumstances of current plans, including plans of YOU, relative to the INFRINGING PRODUCTS, including plans for marketing and/or sale.  And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

23.     The facts and circumstances of the approval and/or evaluation/decision to acquire, license, and/or develop the INFRINGING PRODUCTS (including approval of creating, enhancing, licensing and/or acquiring) relative to any and all of the INFRINGING PRODUCTS.  And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

24.     The facts and circumstances of product documentation, including manuals and instructions, including building instructions, from any and all INFRINGING PRODUCTS. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

25.     The facts and circumstances of schematics, requirements and/or specifications for any and all INFRINGING PRODUCTS. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

26.     The facts and circumstances of analyses, METRICS, analytics, statistics, mathematical calculations, consumer analysis, consumer research or other research, surveys and/or studies (including without limitation relating to sales, sales of particular items, customer demand, customer purchasing practices and/or trends, REVENUES, and/or PROFITS relating to the INFRINGING PRODUCTS.

27.     The identity, general contents, custodians and locations of analyses, analytics, and/or metrics generated relative to the INFRINGING PRODUCTS periodically (e.g., weekly, monthly,

quarterly and/or annually) and/or during the ordinary course of the business of YOU and/or YOUR AFFILIATES.

28.     The factual basis for, and/or that you contend supports, each of the defenses (including affirmative defenses) and counterclaims contained in YOUR most recent Answer and Counterclaims. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.  If YOU do not know the factual basis for, and/or that you contend supports, each of the defenses (including affirmative defenses) and counterclaims contained in YOUR most recent Answer and Counterclaims because YOU are relying upon experts or attorneys for that basis, then YOU should state that when questioned on this topic.

29.     The complete factual bases that will or may be relied upon by YOU to avoid liability in this case and the identity of each DOCUMENT that is alleged to support each defense and each claim for relief asserted by YOU in this action; and the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.  If YOU do not know the factual bases that will or may be relied upon by YOU to avoid liability in this cause and the identity of each DOCUMENT that is alleged to support each defense and each claim for relief asserted by YOU in this action because YOU are relying upon experts or attorneys for that basis, then YOU should state that when questioned on this topic.

30.     With respect to non-infringement, for each INFRINGING PRODUCT all bases for YOUR contention of non-infringement including an identification of any missing claim elements; and the

identity of the person(s) most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.  If YOU do not know bases for YOUR contention of non-infringement including an identification of any missing claim elements, then YOU should state that when questioned on this topic.

31.     The factual bases for YOUR contention of that YOUR alleged infringement in this case has not been willful, including the factual basis that YOU have not acted despite an objectively high likelihood that YOUR actions constituted infringement of one or more valid patents and the factual basis that YOU did not know or should not have known about an objectively-defined risk that you were infringing one or more valid patents, and further including the facts and circumstances, including contents of any opinions, including opinions of counsel, relied upon YOU, including relative to non-infringement or invalidity; and the identity of the person(s) most knowledgeable about the information requested by this topic, and the identity, general contents, locations and custodians of DOCUMENTS which, individually and/or collectively, are sufficient to show the information requested by this topic.  If YOU do not know bases for YOUR contention of non-infringement including an identification of any missing claim elements, then YOU should state that when questioned on this topic.

32.     The identity, general contents, locations and custodians of the documents, electronically stored information (ESI), and tangible things in your possession, custody, or control that are relevant to the claims, defenses, counterclaims and/or damages in this case, including any requested to be identified by other topics herein and/or that otherwise relate to the business, financial, technical and/or marketing aspects or details concerning the INFRINGING PRODUCTS.

33.     The identity, general contents, custodians of and location of all directories, organizational charts and/or phone or emails lists comprising PERSONS who perform work relating to the INFRINGING PRODUCTS, including, research, production, importation, development, sales, accounting, finance, marketing, advertising, and/or management.

34.     The identity, location, job title and/or general job functions and general areas of knowledge of all PERSONS, including YOUR employees, vendors, suppliers and contractors, who have or are likely to have knowledge or discoverable information relevant to the claims, defenses and issues (including damages) in this case and/or who perform work relating to the INFRINGING PRODUCTS, including, research, production, importation, development, sales, accounting, finance, marketing, advertising, and/or management, including the role(s) played with each such person relative to such work, including relative to such research, production, importation, development, sales, accounting, finance, marketing, advertising, and/or management.

35.     The identity, general contents, parties to, custodians of and location of all contracts or written agreements that relate to the INFRINGING PRODUCTS, including indemnity agreements, royalty agreements; license agreements, revenue sharing agreements, purchase agreements, sales agreements and/or agreements relating to person(s) and/or entity(ies) who make, use, sell and/or import the INFRINGING PRODUCTS.

36.     The facts and circumstances of any and all acceptable non-infringing alternatives and/or design-arounds relative to the claims of the PATENT-IN-SUIT.

37.     The facts and circumstances of any and all COMMUNICATIONS regarding modifying and/or potentially modifying design and/or configuration of products on account the PATENT-IN-SUIT, including for the purpose of making non-infringing alternatives and/or design-arounds relative to the PATENT-IN-SUIT.

38.     YOUR contention and the basis for your contention for what would be the appropriate royalty base and/or royalty rate in the event the INFRINGING PRODUCTS are determined by the judge or jury to infringe the patent-in-suit.

39.     The facts and circumstances that YOU may or will rely upon to support YOUR contentions regarding a reasonable royalty analysis, including a hypothetical royalty negotiation, including all facts and circumstances relevant or relating to the *Georgia-Pacific* factors.

40.     The facts and circumstances that YOU contend are relevant to the reasonable royalty and/or damages determination for this case.

41.     The IDENTITY and location all patent licenses in effect over the last ten years to which YOU and/or YOUR AFFILIATE is a party which pertain patent licenses that relate to monitor stands, multi-monitor stands and/or that you contend are relevant to the PATENTS-IN-SUIT or this lawsuit.

42.     The facts and circumstances of pre-suit dealings involving YOU or YOUR AFFILIATES (and/or involving counsel for YOU or YOUR AFFILIATES) and (A) Jerry Moscovitch and/or counsel for Jerry Moscovitch; (B) Mass Engineered Design, Inc. and/or counsel for Mass Engineered Design, Inc. and/or (C) the PATENTS-IN-SUIT; including the facts and circumstance of any actions taken relative to whether or not the PATENTS-IN-SUIT are or were valid or infringed. And the identity, general contents, locations and custodians of documents that evidence or mention the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

43.     The facts and circumstances of the first notice, document bearing the patent number(s) of, knowledge or awareness of the PATENTS-IN-SUIT relative to YOU and/or YOUR AFFILIATES. And the identity, general contents, locations and custodians of documents that evidence or mention

the information requested by this topic, and the identity of the persons knowledgeable, including the person most knowledgeable, about the information responsive to this topic.

44.     The information responsive to MASS's interrogatories to YOU.

45.     The identity and location of each and every common internal drive or other centralized or shared document storage means and/or facility that does or may contain data, documents and/or information related to the INFRINGING PRODUCTS.

46.     The facts and circumstances of the authenticity of the documents produced by YOU in this lawsuit.

47.     Whether the documents and/or records produced by YOU in this lawsuit which have information about your business constitute YOUR business records, including whether they contain information transmitted by someone with knowledge; whether they have been kept in the course of a regularly conducted activity of a business and/or whether making the record was a regular practice of that business.

48.     The identity, location, custodians and general contents of the DOCUMENTS that are relevant to the claims, defenses and issues (including damages) involving YOU in this case.

49.     The general contents and recipients of all document preservation, document retention and/or litigation hold notices and/or communications issued by YOU or to YOU for this lawsuit.

50.     The facts and circumstances of the activities undertaken to preserve, locate, identify, collect and produce discoverable DOCUMENTS (including tangible things, electronically stored data and information) relative to this lawsuit, including but not limited to:

- identification of all activities undertaken to prevent the loss or deletion of discoverable DOCUMENTS, including identification of all persons requested to preserve, search for, or provide DOCUMENTS and when such requests were made, and including identification of all persons who preserved, searched for or provided discoverable

19

DOCUMENTS, and the actions taken by such persons relative thereto, including when such actions occurred;

- identification of all electronic systems or apparatuses (including back-up systems, email archives, PST files, servers, shared drives, PCs, disks and/or hard drives) and physical locations which contain, or provide storage or housing for, discoverable DOCUMENTS;

- identification of all electronic systems or apparatuses (including back-up systems, email archives, PST files, servers, shared drives, PCs, disks and/or hard drives) and physical locations that have been searched by or for YOU for discoverable DOCUMENTS;

- identification of all electronic systems or apparatuses (including back-up systems, email archives, PST files, servers, shared drives, PCs, disks and/or hard drives) and physical locations which are the sources for the DOCUMENTS produced by YOU; and

- identification of the persons who are the sources for the DOCUMENTS produced by YOU.