**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MASS ENGINEERED DESIGN, INC.<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>SPACECO BUSINESS SOLUTIONS, INC.<br><br>    Defendant. | C. A. No.: 6:14-cv-00411-LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SPACECO BUSINESS SOLUTIONS, INC.'S MOTION TO TRANSFER VENUE**

Defendant SpaceCo Business Solutions, Inc. (hereinafter "SpaceCo"), by and through its undersigned counsel, submits the following Motion to Transfer Venue. In support of the Motion, SpaceCo states as follows:

**I.    INTRODUCTION**

Venue is improper in this District because no party resides here, no witnesses are here, and no evidence is here. The plaintiff, Mass Engineered Design, Inc. ("Mass") is a Canadian corporation based in Toronto, Canada and has no alleged business connection to this District. Defendant SpaceCo Business Solutions is a Nevada corporation based in Aurora, Colorado. SpaceCo has no regular and established place of business in this District. This Court should transfer this case to the District of Colorado under 28 U.S.C. § 1404(a), because all factors for a discretionary venue transfer weigh heavily in favor of transfer or are neutral.

As the Court already knows, Mass originally filed complaints for patent infringement against SpaceCo, Planar Systems, Herman Miller and others in this District. The Court consolidated these cases for the purposes of claim construction proceedings. At this time, the only remaining defendants are SpaceCo and Planar Systems. In March of this year, Judge Davis

1

granted Planar System's motion to transfer venue to the District of Oregon, subject the completion of the claim construction process. The reasons that Judge Davis found persuasive to transfer Planar System's case to Oregon apply with equal force in SpaceCo's case, and should result in the Court transferring this case to the District of Colorado.

## II. Venue is clearly more convenient in Colorado under 28 U.S.C. § 1404(a)

### A. Applicable law

In *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008), the Federal Circuit articulated the legal standard governing venue motions in patent cases in this District:

> Change of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a). Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)(en banc) ("*Volkswagen II*").
>
> The Fifth Circuit applies the "public" and "private" factors for determining *forum non conveniens* when deciding a § 1404(a) venue transfer question. *Volkswagen II*, 545 F.3d at 314 n.9. The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). The "public" interest factors to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315. … Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis. *Volkswagen II*, 545 F.3d at 314 n.10.

There is no question that Mass could have brought this action against SpaceCo in the District of Colorado. Therefore, the "threshold question" in the Section 1404 analysis allows this case to be transferred to the District of Colorado. As discussed below, both the "private" and "public" factors favor transfer to the District of Colorado.

### B.     The "private" factors weigh in favor of transfer

The private interest factors in the §1404(a) venue analysis are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *In re TS Tech USA Corp.*, 551 F.3d 1319-1320. The private-interest factors weigh in favor of transferring this case to Colorado.

#### (1)     Relative ease of access to sources of proof

SpaceCo's corporate headquarters are in Aurora, Colorado, a suburb of Denver. (See Firkus Declaration ¶ 2). All of the evidence concerning the accused products is located in SpaceCo's offices in Colorado. (See Firkus Declaration ¶ 3). SpaceCo does not keep such evidence in Texas. (See Firkus Declaration ¶ 3). The location of most of the evidence in the Denver area weighs heavily in favor of transferring this case to the District of Colorado. "Intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's principal place of business is often the critical and controlling consideration." *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992).

All witnesses that SpaceCo can foresee calling to testify in this case are located in Colorado or in jurisdictions other than Texas. (See Firkus Declaration ¶ 4). SpaceCo has

identified two witnesses who would have knowledge relevant to this case; one is based in Denver, Colorado, the other is in Canada.

1. Darcy Firkus is SpaceCo's President. Mr. Firkus works in Denver, Colorado.

2. Ole Smed is a founder of SpaceCo. Mr. Smed lives in Calgary, Alberta.

It is clearly easier for these witnesses to testify at a trial in Colorado than for them to travel to Texas to give testimony. Accordingly, the first private factor with respect to both physical evidence and witnesses weighs heavily in favor of transfer.

### (2) Availability of compulsory process to secure the attendance of witnesses

Amended Rule 45 provides the presiding court with the power to issue nationwide deposition subpoenas and compel testimony so long as the trial, hearing, or deposition is to take place within 100 miles of the witness's residence or regular place of business. FED. R. CIV. P. 45(a)(2), 45(b)2, 45(c)(1)(A). The proffering party now has the option to depose the non-party witness near that witness's residence or regular place of business, and later present the witness's deposition testimony at trial without the involvement of a second district court. *See* FED. R. CIV. P. 32(a)(4). In this case, there are no non-party witnesses subject to compulsory process in the Eastern District of Texas. Under the amended Rule 45, the Court has power to issue nationwide service of subpoenas. The overall effect of the amended Rule 45 is to lessen the likelihood that this factor will be determinative in the analysis, and this factor is irrelevant in this case.

### (3) Cost of attendance for willing witnesses

SpaceCo's Colorado-based and Canada-based witnesses will incur substantial costs if they testify at a trial in Texas. Each witness will lose two days for traveling to and from Texas, as well as the costs for transportation and lodging. It will be much further for Mr. Smed to travel

from Calgary to Texas, than it is for him to travel to Denver. Most of these costs would be avoided if this case is transferred to Colorado. The substantial burdens and costs for these witnesses in attending a trial in Texas would be significantly reduced by transferring this case to the District of Colorado. Since the costs for willing witnesses to testify in this court are substantially higher than the costs they would incur to testify in the District of Colorado, the third private factor weighs heavily in favor of transfer.

### (4) Other practical problems that make a trial easy, expeditious and inexpensive

Practical problems include those that are rationally based on judicial economy. The existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor of or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). This Court has already transferred Planar System's case to Oregon. Thus, at least two different courts will be conducting proceedings on the patents at issue. There is no reason based in judicial economy for this Court to conduct these proceedings when they would be more conveniently conducted in Colorado. Although the Court has prior experience with the '978 Patent, Judge Davis, who primarily handled the case, has since retired. And the '103 patent has not been the subject of any prior suit in this District. Additionally, as Judge Davis recognized, the technology embodied in the patents-in-suit is not complex, and thus any experience this Court possesses should not dominate the transfer analysis.

In the Planar Systems case, Judge Davis was concerned that a transfer to the District of Oregon would require multiple courts to handle related cases, leading to a waste of time, energy and money. To avoid this result, Judge Davis retained the Planar System's case until issuance of the claim construction opinion. Judge Davis employed this approach to conserve judicial resources by requiring only one district court to address the disputed claim terms, and to

5

eliminate the risk of inconsistent claim constructions.  SpaceCo does not object to waiting until after the Court issues its claim construction order before transfer to the District of Colorado. Judge Davis was also concerned that the transfer would result in significant delay to the parties in getting back on schedule for a trial date in the transferee district. He hoped that the District of Oregon would be able to accommodate the case's current trial dates, insofar as consistent with the assigned judge's schedule.  SpaceCo does not object to preserving the current trial dates upon transfer to the District of Colorado as much as that is possible given the new judge's schedule. SpaceCo submits that, since the trial of this matter is still almost a year away, the District of Colorado will be able to substantially accommodate this request.

### C. The "public" factors either weigh in favor of transfer or are neutral

The public interest factors in the § 1404(a) analysis are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *In re TS Tech USA Corp.*, 551 F.3d 1319-1320.  All of these factors either weigh in favor of transfer or are neutral.

#### (1) Administrative difficulties flowing from court congestion

Neither this Court nor the District of Colorado has a track record for providing an abnormally short or long time from filing of a case through trial. Accordingly, the factor of court congestion is neutral.

#### (2) Local interest in having localized interests decided at home

This factor weighs heavily in favor of transfer to the District of Colorado.  This Court has no localized interest in this case.  No party is based in Texas, so Texas has no interest in this dispute.  The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be

6

imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. Further, citizens of a venue do not have a particularized interest in deciding the dispute simply based on product sales within the venue. *In re Nintendo*, 589 F.3d at 1198. Mass is an absentee plaintiff with no apparent business connection to Texas: it is a Canadian corporation based in Ontario, Canada, and its complaint does not allege any business contacts with Texas. (See Complaint ¶2). SpaceCo is a Nevada corporation based in Denver, Colorado. (See Firkus Declaration ¶2). The District of Colorado has a localized interest in seeing that the citizens of Colorado receive fair adjudication of their claims and defenses. Accordingly, the second public factor weighs heavily in favor of transfer.

### (3) Familiarity of the forum with the law that will govern the case

All federal courts are presumed equally familiar with federal patent law, so neither this court nor the District of Colorado is more familiar with federal patent law. Accordingly, the third public factor is neutral.

### (4) Avoiding unnecessary problems of conflicts of laws or application of foreign law

This factor is also neutral. At this time, there does not appear a substantial issue of conflicts of law in this case.

## IV. CONCLUSION

For the foregoing reasons, SpaceCo respectfully requests that the Court grant the present motion to transfer venue to the District of Colorado.

Dated: June 16, 2015

Respectfully submitted,

/s/ Scott E. Stevens
Carl A. Hjort, III
Admitted *pro hac vice*
SpaceCo Business Solutions, Inc.
17650 East 32nd Place, Ste. 10A
Aurora, CO 80011
T: 303-350-2204
F: 303-375-6644
E: chjort@spaceco.com

Scott E. Stevens
Texas Bar Number 00792024
Stevens | Henry, PLLC
P.O. Box 3427
Longview, TX 75606-3427
T: 903-753-6760
F: 903-753-6761
Email: scott@stevenshenry.com
*ATTORNEYS FOR DEFENDANT,*
*SpaceCo Business Solutions, Inc.*

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for the respective parties participated in a personal conference regarding the subject matter of this motion on June 12, 2015, and complied with the requirements of Local Rule CV-7(h). This motion is opposed. Counsel for the movants, Scott E. Stevens, and counsel for the non-movant, John Edmonds, conferred in good faith by telephone. An agreement could not be reached because the parties maintain opposing positions with respect to the merits of the attached motion. The discussions ended in an impasse, leaving the issue open for the Court to resolve.

/s/ Scott E. Stevens
Scott E. Stevens

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 16th day of June, 2015.

/s/ Scott E. Stevens
Scott E. Stevens