# EXHIBIT 3

LAW OFFICES

# AMIN, TUROCY & WATSON, LLP

160 WEST SANTA CLARA STREET
SUITE 975
SAN JOSE, CA 95113

ANDREW T. OLIVER
PARTNER
(P) 650-618-6477
(F) 216-696-8731
aoliver@ATWiplaw.com
aoliver@thepatentattorneys.com

October 5, 2015

The Honorable K. Nicole Mitchell
United States Magistrate Judge
United States District Court, Eastern District of Texas
William M Steger Federal Building and United States Courthouse
211 W Ferguson, Room 300, Tyler, TX 75702

Subject: *Defendant Planar Systems, Inc.'s Letter Brief Requesting Permission to File a Motion for Summary Judgment of Noninfringement in Mass Engineered Design, Inc. v. SpaceCo Business Solutions, Inc., No. 6:14-cv-411*

Dear Judge Mitchell:

Defendant Planar Systems, Inc. ("Planar") respectfully requests leave to file a motion for summary judgment that the asserted claims of U.S. Patent No. 8,102,331 (the '331 patent) and U.S. Patent No. RE36,978 (the '978 patent) are invalid for failure to comply with the definiteness and written description requirements of 35 U.S.C. §112.[a] Plaintiff Mass Engineered Design, Inc. ("Mass") asserts claims 1, 4 and 10 of the '331 patent and claims 16, 18, 25 and 27 of the '978 patent.

**Legal Standards**

Section 112 of the patent law contains requirements that the claims of a patent must be definite and that a patent must contain a written description of the claimed subject matter. 35 U.S.C. §112.

Indefiniteness of a claim may be decided on summary judgment. *See, e.g., EON Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 619 (Fed. Cir. 2015) (affirming summary judgment of invalidity for indefiniteness). "A claim fails to satisfy this statutory requirement and is thus invalid for indefiniteness if its language, when read in light of the specification and the prosecution history, 'fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention.'" *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1369-70 (Fed. Cir. 2014) (citing *Nautilus, Inc. v. Biosig Instr., Inc.*, 134 S.Ct. 2120 (2014)). "The scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention. Some objective standard must be provided in order to allow the public to determine the scope of the claimed invention." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1350 (Fed. Cir. 2005) (citations omitted). "A purely

---

[a] Planar disclosed each of the invalidity grounds identified herein to Mass and has informed Mass that Planar intends to move for leave to amend its invalidity contentions. However, as of the deadline for filing this letter brief, Planar had not yet completed preparation of that motion.

The Honorable K. Nicole Mitchell
October 5, 2015
Page 2 of 5

---

subjective construction of [a claim limitation] would not notify the public of the patentee's right to exclude since the meaning of the claim language would depend on the unpredictable vagaries of any one person's opinion…" *Id.* "[W]hen faced with a purely subjective phrase … a court must determine whether the patent's specification supplies some standard for measuring the scope of the phrase." *Id.* at 1351.

The written description inquiry is also amenable to summary judgment. *Boston Sci. Corp. v. Johnson & Johnson*, 647 F.3d 1353, 1361 (Fed. Cir. 2011) ("Compliance with the written description requirement is a question of fact but is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party."). "[T]he test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (*en banc*). New claims filed after the application filing date must find support in the original specification. *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118 (Fed. Cir. 2001) ("When the applicant adds a claim or otherwise amends his specification after the original filing date…, the new claims or other added material must find support in the original specification."). "[A] description that merely renders the invention obvious does not satisfy the requirement." *Ariad*, 598 F.3d at 1172. "In order for a disclosure to be inherent, 'the missing descriptive matter must necessarily be present in the [original] application's specification such that one skilled in the art would recognize such a disclosure.'" *Turbocare*, 264 F.3d at 1119. "While the meaning of terms, phrases, or diagrams in a disclosure is to be explained or interpreted from the vantage point of one skilled in the art, all the limitations must appear in the specification." *Turbocare*, 264 F.3d at 1119.

## The Claims of the '978 Patent Are Indefinite and Lack Written Description

The '978 patent is titled "Dual Display System" and describes a specific type of stand for two electronic displays. The asserted claims are also directed to a specific type of display stand for two electronic displays. The claimed stand allows some rotation of the mounted displays such that the displays may be angled toward each other. The claim limitation most relevant to this letter brief requires "means for adjusting the angular orientation of each of the displays relative to the arm assembly to thereby permit said displays to be angled toward each other to a desired degree." ('978 patent claims 16, 18, 25, 27).

### Indefiniteness

Each of the asserted claims of the '978 patent contains this claim limitation that does not inform a person of ordinary skill in the art about the scope of the invention with reasonable certainty and, thus, is invalid as indefinite. Specifically, each of the claims contains the limitation "a desired degree" in the term "permit said displays to be angled toward each other to a desired degree." ('978 patent claims 16, 18, 25, 27). To comply with the definiteness requirement, the claims must meet the "reasonable certainty" test. And when the claim language is "a purely subjective phrase," the patent specification must supply a standard for measuring the scope of the phrase. *Datamize*, 417 F.3d at 1351. However, neither the patent nor the claims provide a standard for measuring what is subjectively "desired." Therefore, the claims are invalid for failure to comply with the indefiniteness requirement.

The term "desired degree" refers to the subjective desires of a person. But the '978

patent does not provide any guidance regarding the measure of "desired." The patent specification describes limited tilting, but does not state or infer what degree may be "desired." The prosecution file history does not disclose any standard for measuring "desired." The desire of one person may be entirely different than the desire of another. As noted above, "The scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention. Some objective standard must be provided in order to allow the public to determine the scope of the claimed invention." *Datamize*, 417 F.3d at 1350. Instead, in this situation, one of ordinary skill would not have a "reasonable certainty" as to how to determine whether a prior art reference or an accused product met the "desire" standard. So the definiteness requirement is not satisfied.

For these reasons, Planar requests permission to file a motion for summary judgment that all of the asserted claims of the '978 patent are invalid for failure to satisfy the written description requirement.

### Lack of Written Description
In addition to the indefiniteness of the term, "a desired degree" is not disclosed in the specification or original claims of the patent application. Thus, the '978 patent lacks written description for this limitation. Specifically, as discussed in the preceding section, each of the claims contains the limitation "a desired degree." ('978 patent claims 16, 18, 25, 27). To comply with the written description requirement, "all the limitations must appear in the specification." *Turbocare*, 264 F.3d at 1119. However, the specification does not use the term "desired degree" or indicate that the concept was part of what the applicant considered his invention. Therefore, the claims are invalid for failure to comply with the written description requirement.

The original claims of the patent application that led to the '978 patent did not contain the requirement of "a desired degree." Instead, this limitation was added to the claims in 1998, over two years after the patent application was filed. The '978 patent specification does not include any disclosure related to "a desired degree." And one of ordinary skill would not find support for the limitation in the specification. So the written description requirement is not satisfied.

For these reasons, Planar requests permission to file a motion for summary judgment that all of the asserted claims of the '978 patent are invalid for failure to satisfy the written description requirement.

## **The Claims of the '331 Patent are Indefinite and Lack Written Description**

The '331 patent is titled "Horizontal Three Screen LCD Display System." It describes a particular stand for three display screens, in which on screen is mounted centrally and the other screens flank that screen. The '331 patent describes a horizontal base, a vertical support column, and a horizontal, single piece arm that is mounted on top of the support column.

### Lack of Written Description
Each of the asserted claims of the '331 patent contains a claim limitation that is not disclosed in the specification or original claims of the patent application and, thus, lacks written description for this limitation. Specifically, each of the claims contains the limitation "at least a part of the support column is disposed behind the at least two displays." ('331 patent claims 1, 4, 10). To comply with the written description requirement, "all the limitations must appear in the

specification." *Turbocare*, 264 F.3d at 1119.  However, the specification does not disclose a support column behind two displays.  Therefore, the claims are invalid for failure to comply with the written description requirement.

The original claim of the patent application that led to the '331 patent did not contain the requirement that "at least a part of the support column is disposed behind the at least two displays."  Instead, this limitation was added to the claims in 2009, over 8 years after the patent application was filed.  When adding the limitation, the patent applicant did not point to any support for this limitation in the patent.  And the '331 patent specification does not include any disclosure suggesting that the support column is disposed behind at least two displays.  The only figure showing the support column behind any display is Figure 1, which shows that part of support column 24 is behind a single display 16.  And the text of the  specification does not disclose a support column behind two displays.  In fact, the only reference to another configuration mentioned is a passing reference to a two or four screen system.  ('331 patent column 4:15-22).  However, this type of passing reference is insufficient to inherently disclose the limitation and satisfy the written description requirement.  Rather, "In order for a disclosure to be inherent, 'the missing descriptive matter must necessarily be present in the [original] application's specification such that one skilled in the art would recognize such a disclosure.'" *Turbocare*, 264 F.3d at 1119.  And one of ordinary skill would recognize that a two or four screen system could be built without any screens in front of the support column.  So the written description requirement is not satisfied.

For these reasons, Planar requests permission to file a motion for summary judgment that all of the asserted claims of the '331 patent are invalid for failure to satisfy the written description requirement.

Indefiniteness

Each of the asserted claims of the '331 patent contains a claim limitation that does not inform a person of ordinary skill in the art about the scope of the invention with reasonable certainty and, thus, is invalid as indefinite.  Specifically, each of the claims contains the limitation "width of the base" in the term "a longitudinal length that is longer than the width of the base."  ('331 patent claims 1, 4, 10).  To comply with the definiteness requirement, the claims must meet the "reasonable certainty" test.  However, neither the patent specification nor the claims give sufficient guidance as to which "width" to measure.  Therefore, the claims are invalid for failure to comply with the indefiniteness requirement.

The '331 patent does not provide any guidance as to whether the side-to-side width, the front-to-back width or some other width of the base is to be measured.  This is important, because a person of ordinary skill in the art may not know how to determine either invalidity or indefiniteness without such guidance.  With the "base" illustrated in the figures of the '331 patent, any measurement of width would be less than the length of the arm.  However, in some accused products and/or prior art, the base may have one dimension that is longer than the arm

The Honorable K. Nicole Mitchell
October 5, 2015
Page 5 of 5

---

and another dimension that is shorter than the arm. Thus, a person of ordinary skill must know the direction in which to measure (or whether to measure the long dimension or short dimension) to determine whether the prior art invalidates the claim or the accused product infringes the claim. "Width" is a term that does not denote a specific direction (i.e., direction in which to take the measurement) or size. And, indeed, width of an object can vary greatly based on where and how it is measured. The '331 patent does not provide any guidance as to how or where to measure width, because the depicted base is shorter in all directions than the depicted arm. Thus, one of ordinary skill would not have a "reasonable certainty" as to how or where to measure the width of the base in prior art or an accused product. The definiteness requirement is not satisfied.

For these reasons, Planar requests permission to file a motion for summary judgment that all of the asserted claims of the '331 patent are invalid for indefiniteness.

### **Conclusion**

The foregoing analysis shows that there are grounds for finding indefiniteness and lack of written description under 35 U.S.C. §112 that may be considered on summary judgment for every asserted claim. For many of these grounds, no material factual disputes exist; the sole disputes will be matters of law.

Accordingly, Planar respectfully requests permission to move for summary judgment of invalidity of the asserted claims under 35 U.S.C. §112, on the grounds set forth herein.

Respectfully Submitted,

/s/ Andrew T. Oliver

Andrew T. Oliver