

John J. Edmonds
713.364.5291
jedmonds@cepiplaw.com

October 22, 2015                          VIA CM/ECF

The Honorable Robert W. Schroeder, III
U.S. District Court for the Eastern District of Texas
500 North State Line Ave., Third Floor
Texarkana, Texas 75501

Re:     *Mass Engineered Design, Inc. v. SpaceCo*; No. 6:14-cv-00411-RWS-KNM

Dear Judge Schroeder:

SpaceCo's letter brief fails to quote from the Akin Report. Instead, it misstates the scope and content Dr. Akin's opinions on equivalents.

The Akin Report does indeed have an analysis of kinematics. SpaceCo does not allege, because it cannot allege, that kinematics is unreliable science, that kinematics is irrelevant to the infringement issues in this case, or that it would not assist the fact finder in this case. Indeed kinematics is established as a proper analysis in connection with considering structural equivalency in patent cases. *See, e.g., Lorenz v. Berlkine,* 215 F.Supp. 869, 879 (N.D. Ill. 1963); *Renishaw v. Mariposs Societa Per Azioni*, 974 F.Supp. 1056, 1065 (E.D. MI 1997).

SpaceCo fails to inform the Court that its main complaint appears to be the Akin Report's comparison of linked structures comprising a *ball joint assembly* with a SpaceCo structures comprising a *ball joint assembly*, as shown, for example by this photo from an exemplary SpaceCo product in the Akin Report:





October 22, 2015
Page 2

This is not a situation of the Akin Report asserting that apples are equivalent to oranges. The structures at issue are not just substantially similar, they are very similar and, in some respects, they are the same. Contrary to the factually erroneous assertions in SpaceCo's letter brief, aside from an entirely appropriate discussion and analysis of kinematics, the Akin Report has detailed and particularized analysis and linking argument regarding the claimed invention and SpaceCo's infringing products. For example, for each subject means-plus-function element, the Akin Report explains the function (which it concludes in each instance is the same function that is performed); and it provides detailed analysis comparing, and when applicable contrasting, the linked structure in the specification with the relevant structures of SpaceCo's infringing products. For example:

> Each of the SpaceCo Dual Arms structure is a ball joint 8 (comprising a hinged stem connection with arm assembly 4) connected to the rear of the display. From a mechanical point of view, all of the '978 cited structures correspond to a ball joint. A ball joint 8 (see my corresponding Figures 1, 8 and 9) is a mechanism that allows limited rotation about any single axis passing through the center point of the ball. The way that Mass's cited '978 structures and the cited structures in this Court's Ergotron Markman Order adjust the angular orientation of each of the displays relative to the arm assembly to thereby permit said displays to be angled toward each other to a desired degree is through the use of ball joints. The result of using the '978 Figure 8 and 9 or 20 means for adjusting is that the displays can be angled toward each other to a desired degree…
> The way that the structure in each of the SpaceCo Dual Arms adjusts the angular orientation of each of the displays relative to the arm assembly to thereby permit said displays to be angled toward each other to a desired degree is through the use of ball joint 8, with a restricting cover plate comprising an elongated channel or slot for the stem of the ball joint (see my corresponding Figures 1, 8, and 9 for each product). This restriction of the ball joint via the elongated channel is kinematically equivalent to, and thus substantially the same as, the limitation of rotation by the projections and slots in the '978 structures identified by SpaceCo... The result of these substantially similar ways is that the displays have an adjustable angular orientation, relative to the arm assembly, to permit said displays to be angled toward each other to a desired degree. If the user chooses to adjust the angular orientation of each of the displays to angle them toward each other, this will be achieved in substantially the same way as in the cited '978 structures and those structures in each of the SpaceCo Dual Arms. If the user selects a generally vertical axis for adjusting the angular orientation of two displays oriented horizontally, or if the user selects a generally horizontal axis for adjusting the angular orientation of two displays oriented vertically, then



October 22, 2015
Page 3

> the structures in the '978 patent, and those structures in each of the SpaceCo Dual Arms, will accomplish that result. Thus, all of the cited structures perform the same function, employ at least the substantially same way and obtain at least the substantially same result of the displays being angled toward each other to a desired degree.
>
> … In my opinion, one of ordinary skill in the art would conclude that each of the SpaceCo Dual Arms includes means for adjusting the angular orientation of each of the displays relative to the arm assembly to thereby permit said displays to be angled relative to each other to a desired degree… Each of the SpaceCo Dual Arms accomplishes the same function, in substantially the same way, to obtain the same result…

SpaceCo's mischaracterizations of the Akin Report are erroneous and inexcusable.

**II.    SpaceCo's unwarranted complaint amounts to, if anything, an issue of weight, not admissibility, and a subject for cross examination, not exclusion.**

A witness is "qualified by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FRE 702. SpaceCo has not argued, because it cannot argue, that these three requirements are not met by the Akin Report. Further, a witness must possess "specialized knowledge, skill, experience, training, or education in the relevant field," in order to be qualified to express his expert opinion on a topic. *Christopherson v. Allied-Signal,* 939 F.2d 1106, 1110 (5th Cir. 1991). SpaceCo has not argued, because it cannot argue, that Dr. Akin lacks such qualifications.

This Court should ensure that expert testimony is "relevant" and "reliable." SpaceCo has not, because it cannot, argue that the disputed analysis is irrelevant nor unreliable. "When the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i LP v. Microsoft,* 598 F.3d 831, 856 (Fed. Cir. 2010);



October 22, 2015
Page 4

The role of the court under *Daubert* is to "ensure that a theory or technique ... can be (and has been) tested," [citation omitted], "not to evaluate the correctness of facts underlying one expert's testimony." *Micro Chem. v. Lextron*, 317 F.3d 1387, 1391-92 (Fed.Cir.2003).  SpaceCo's complaints about Dr. Akin's opinions are the properly the subject of cross-examination, not a *Daubert* motion. *See, e.g., i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed.Cir.2010); *Advanced Technology Incubator, Inc. v. Sharp Corp.*, 2010 WL 1170246, *4 (E.D. Tex. 2010).

**III.   SpaceCo's Case Cites are Inapplicable to Exclusion of Expert Testimony.**

SpaceCo's *N5* case involves a summary judgment determination of infringement under the "interchangeability test" for equivalents which looks to "whether that artisan would contemplate the interchange as a design choice." *N5 Tech. v. Capitol One*, 56 F.Supp.3d 755, 761 (E.D. Va. 2014).  Further, the *N5* case does not involve a *Daubert* motion.  Rather, it involves a summary judgment ruling based upon evidence that was deemed admissible and considered.  SpaceCo's letter brief only quotes the first half of a block quote from *N5*.  The full block quote concludes in stating that "[g]eneralized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice." *Id.* at p. 761.  SpaceCo's letter brief does not allege, because it cannot allege, that the Akin Report merely has such generalized testimony.  Further, the *N5* case "assumed" that the evidence on equivalents *was* admissible. *Id.* at 762.  Most importantly, in the *N5* case, summary judgment was granted because the expert had no analysis at all.  Rather, he merely testified that the accused structures were interchangeable as a "design choice." *Id.* These extreme facts are wholly inapplicable to the Akin Report.

In SpaceCo's *Stumbo* case, the plaintiff's expert "did not explain how either opening operated or how the differences were insubstantial." *Stumbo v. Eastman Outdoors*, 508 F.3d 1358,



October 22, 2015
Page 5

1364, 1365 (Fed. Cir. 2007).  As explained above, such extreme shortcomings are not applicable to the Akin Report.  Further, the *Stumbo* case does not involve a *Daubert* motion. Rather, it involves a summary judgment ruling based upon evidence that was deemed admissible.

SpaceCo's *TI* case involved a JMOL, not a *Daubert* motion. *Texas Instruments v. Cypress Semiconductor*, 90 F.3d 1558, 1567 (Fed. Cir. 1996).  The testimony of TI's expert was "solicited for purposes of establishing literal infringement … it did not purport to and therefore was insufficient to establish infringement under the doctrine of equivalents." *Id.*  Here, the Federal Circuit cites the *Lear Siegler* case for the proposition that "[t]he evidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement." *Id.* (citing *Lear Siegler, Inc. v. Sealy Mattress Co.*, 873 F.2d 1422 (Fed.Cir.1989)).  SpaceCo has not alleged, because it cannot allege, that the Akin Report's evidence and argument on equivalents is merely subsumed in literal infringement. Further, TI's expert only provided "generalized testimony as to overall similarity." *Id.* at 1568.  SpaceCo has not alleged, because it cannot allege, that the Akin Report's evidence and argument on equivalents, which is unquestionably done on an element by element basis, is merely generalized testimony as to overall similarity. Further, the *TI* case does not involve a *Daubert* motion. Rather, it involves a summary judgment ruling based upon expert evidence that was deemed admissible.

Including for the foregoing reasons, SpaceCo's request for leave to file a letter should be denied because it lacks accuracy or foundation, and it constitutes a waste of the Court's valuable time.



October 22, 2015
Page 6

                Sincerely,

                COLLINS EDMONDS POGORZELSKI
                SCHLATHER & TOWER, PLLC

                */s/ John J. Edmonds*

                John J. Edmonds

cc: Counsel of record by CM/ECF