**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 6:14-CV-411** |
| **SPACECO BUSINESS SOLUTIONS, INC.** | § | |
| | § | |
| | § | |

## ORDER

Before the Court is Defendant SpaceCo Business Solutions, Inc.'s ("SpaceCo") Motion to Transfer Venue (ECF 110). For the following reasons, after considering the briefing by both parties the Court **GRANTS** the motion to transfer.

## BACKGROUND

Plaintiff Mass Engineered Design, Inc. ("Mass") alleges that SpaceCo infringes U.S. Patent Nos. RE36,978 (the " '978 Patent") and 8,462,103 (the " '103 Patent"). SpaceCo filed the instant motion to transfer venue from the Eastern District of Texas to the District of Colorado. Mass is a limited liability company organized under the laws of Ontario, Canada. SpaceCo is Nevada Corporation with its principal place of business in Aurora, Colorado.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of section 1404 are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dunsen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately, it is within a district court's discretion to transfer venue under

28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp*., 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc*., 545 F.3d 304, 315 (5th Cir. 2004) ("*Volkswagen II*").

When analyzing a case's eligibility for section 1404(a) transfer, the first inquiry is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interest of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc*., 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co*., 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law. *Id*. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15. The plaintiff's choice of venue is not a factor in this analysis. *Id*. Rather, the plaintiff's choice of venue contributes to the defendant's burden in

proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.*; *Nintendo*, 589 F.3d at 1200.

## DISCUSSION

SpaceCo moves to transfer this case to the District of Colorado under 28 U.S.C. § 1404(a). SpaceCo asserts that it has no regular and established place of business in the Eastern District of Texas. It further asserts that all factors for a discretionary venue transfer weigh heavily in favor of a transfer or are neutral.

### I. Threshold – Eligibility for Transfer

SpaceCo is Nevada Corporation with its principal place of business in Aurora, Colorado. Mass does not dispute that this case could have originally been brought in the District of Colorado. Thus, the threshold inquiry is satisfied, and the Court turns to the public and private interest factors.

### II. Convenience

#### A. Private Factors

##### *i. Relative Ease of Access to Sources of Proof*

This factor is still a relevant part of the transfer analysis despite technological advances that have made transporting large volumes of documents across the country more convenient. *Volkswagen II*, 545 F.3d at 316. Consequently, courts analyze the distance documents must be transported from their physical location to the trial venue; acting under the assumption that electronically stored documents are, in fact, physical. *See id*. In addition, the Federal Circuit requires courts to assume that the bulk of all relevant evidence will come from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Finally, parties must identify sources of proof with some specificity such that the court may determine whether

transfer will increase the convenience of the parties. *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc*., No. 6:08-CV-211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009).

SpaceCo asserts that all evidence concerning the accused products is located in SpaceCo's Colorado offices near Denver. SpaceCo additionally identifies two witnesses with knowledge relevant to this case that are located in Denver, Colorado and Calgary, Alberta. Mass responds that SpaceCo's statement is too broad. Mass also submits that the majority of its relevant documents are in the possession of its counsel in Houston, Texas.

Mass admits that its documents are not located in this District.[1] Additionally, as the accused infringer, SpaceCo is likely to possess a larger volume of documents relevant to this litigation. *See In re Nintendo Co.*, 589 F.3d at 1199 ("[I]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). Here, SpaceCo identifies evidence located at its offices in Colorado. Accordingly, this factor favors transfer.

***ii. Availability of Compulsory Process to Secure Attendance of Witnesses***

Under Federal Rule of Civil Procedure 45, this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Similarly, the Court may enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a). Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be

[1] Houston, Texas is within the Southern District of Texas. Further, the fact that Mass's litigation counsel possesses at least some relevant documentation at its offices does not weigh heavily in the analysis. *See In re Hoffman-LaRoche Inc.*, 587 F.3d at 1136–37.

necessary. *See Phoenix Licensing, L.L.C. v. Gen. Motors, LLC*, No. 2:13-CV-1093, 2015 WL 1431906, at *3 (E.D. Tex. Mar. 30, 2015).

SpaceCo asserts that there are no nonparty witnesses subject to compulsory process in the Eastern District of Texas. SpaceCo submits, however, that this factor is irrelevant in this case because the amendment to Rule 45 permits the Court to issue nationwide service of subpoenas. In response, Mass argues that SpaceCo does not describe with particularity the nature or amount of relevant information that its identified party witness—SpaceCo President Darcy Firkus—possesses. The other identified witness, Ole Smed, resides in Canada and is outside of the subpoena power of the Court. Mass states that its likely witnesses are its CEO and President Jerry Moscovitch and Allan Tameshtit. Mr. Moscovitch is the primary inventor of the patent-in-suit and its owner. Both of these witnesses reside in Toronto, Ontario, Canada.

SpaceCo identifies a party witness, its President, located in Colorado. Neither party identifies any witnesses who are located in the Eastern District of Texas or any nonparty witnesses subject to compulsory process in the Eastern District of Texas. The difference in distance to travel to trial for the two Canadian witnesses identified by Mass is not significant. Mass submits that the travel distance from Toronto to Tyler is 1160 miles and the distance from Toronto to Denver is more than 1300 miles. Generally, the overall effect of the amendment to Rule 45 giving the Court the power to issue nationwide service of subpoenas lessens the likelihood that this factor will be determinative in the analysis. This factor slightly favors transfer.

***iii. Cost of Attendance for Willing Witnesses***

The Federal Circuit explains that the "convenience of the witnesses is probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342. In analyzing this

factor, all parties and witnesses must be considered. *Volkswagen I,* 371 F.3d at 204. However, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Mohamed*, 90 F. Supp. 2d at 775. District courts should assess the relevance and materiality of the information the witness may provide, but there is no requirement that the movant demonstrate that the witness has anything more than relevant and material information. *Genentech*, 566 at 1343-44.

The Fifth Circuit established a "100 mile rule" to assist with analysis of this factor. *See Volkswagen I*, 371 F.3d at 204-05; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home ... ."). The threshold question is whether the transferor and transferee venues are more than 100 miles apart. *Volkswagen II*, 545 F.3d at 317. If so, then the court compares the respective distances between the residences of all the identified material and relevant witnesses and the transferor and transferee venues. *Id*. Transfer is favored if the transferee venue is a shorter average distance from witnesses as compared to the transferor venue. *See id*.

SpaceCo argues that its Colorado-based witnesses and Canada-based witness will incur substantial costs if the trial is conducted in Tyler, Texas instead of Colorado. The Colorado witnesses, in particular, will lose days to travel that they would not incur if trial is held in Colorado. Mr. Smed is located in Calgary, which is closer to Colorado than Texas. Mass asserts that this factor is neutral. Mass submits that SpaceCo failed to specify the relevant knowledge possessed by Mr. Smed or show that he is willing to attend the trial. Moreover, the only identified nonparty witnesses are located in Canada, such that their expense and inconvenience to

attend trial is high regardless of whether the case proceeds in this district or the District of Colorado. *In re Genentech*, 566 F.3d at 1344.

Neither party identifies any witnesses located in the Eastern District of Texas. The identified witnesses are located in Colorado and Canada. Based on the identified witnesses, this factor weighs in favor of transfer.

***iv. Other Practical Problems***

Practical problems include those related to judicial economy. In particular, multiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer. *In re Volkswagen of Am., Inc*., 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*"). In 2010, the Federal Circuit explained that denial of transfer based on judicial economy is proper when "the trial court became very familiar with the only asserted patent and the related technology during a prior litigation." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Additionally, co-pending litigation before the court involving the same patent and underling technology provides a substantial justification for maintaining the suit in the transferor venue. *Id*.

SpaceCo acknowledges that prior cases have been filed by Mass on the '978 Patent in this District. SpaceCo notes, however, that the presiding judge on those cases, Judge Leonard Davis, is now retired. Prior to his retirement, Judge Davis entered an Order in the only remaining case that is consolidated with this case, Civil Action No. 6:14-cv-414, to transfer the case to Oregon.

Mass argues that SpaceCo did not act with reasonable promptness in filing the motion to transfer venue. The motion was filed one year after the case was filed. Mass asserts that there are no facts alleged in the motion to transfer that were not known to SpaceCo when it appeared

in the case. In addition, Mass argues that the motion is to be decided based on the facts as they existed when suit was instituted. *In re EMC*, 501 Fed.Appx. 973, 976 (Fed. Cir. 2015). At the time suit was instituted, there were four additional cases consolidated with this case involving the patents-in-suit and Judge Davis was still on the bench.

Mass first filed suit against other defendants in the Eastern District of Texas, Marshall Division, in 2006, alleging infringement of the '978 Patent. *Mass Engineered Design, Inc. v. Ergotron, Inc., et al.*, Civil Action No. 2:06-cv-272. During that litigation, the Court conducted a *Markman* hearing and construed disputed terms of the '978 Patent. The Court additionally conducted a jury trial in that case in November 2008 and entered judgment. Mass filed another lawsuit involving the '978 Patent in this District in November 2009, *Mass Engineered Design, Inc. v. 9X Media, Inc., et al.*, Civil Action No: 2:09-cv-358. The case was not decided on the merits, as the parties filed a stipulation of dismissal without prejudice.

Here, Mass points to familiarity by this Court with the '978 Patent, but not the '103 Patent that is also at issue in this case. The technology at issue in this case is not so complex as to dominate the transfer analysis. The patents in suit involve support systems for electronic displays.

Viewing the facts as they existed at the time suit was filed, a transfer to the District of Colorado would have required multiple courts to handle related cases. This case was consolidated with four other cases involving similar or overlapping patents. A transfer at the outset of the case would have resulted in duplicative and repetitive efforts in multiple courts, increasing the burden of time, resources, and money on the judicial system and the parties. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010) (denying a petition for mandamus when "the district court correctly held a denial of transfer would produce gains in judicial

economy"). Additionally, judicial economy is adversely affected when a defendant does not diligently file a motion to transfer as early as possible. Following consolidation, this case proceeded with a Track B Initial Patent Case Management Order rather than a traditional scheduling order. The management order did not include a deadline for filing a motion to transfer. The Court recognizes, however, that SpaceCo did not act promptly to seek a transfer early in the case or soon after the Court granted a motion to transfer filed by Consolidated Defendant Planar Systems, Inc. This factor strongly weighs against transfer.

### B. Public Interest Factors

#### *i. Local Interest in Having Localized Interests Decided at Home*

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839 (1947)). Interests that could apply to any district in the United States, for example the sale of infringing products, are disregard in favor of particularized local interest. *Volkswagen II*, 545 F.3d at 318. Local interest may favor transfer when the transferee venue is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *See Hoffman-La Roche*, 587 F.3d at 1336.

SpaceCo asserts that this factor weighs heavily in favor of transfer because the Eastern District of Texas has no localized interest in this case. Neither party is based in Texas or incorporated in Texas. Mass concedes that SpaceCo's presence in Colorado creates some local interest in the District of Colorado. Mass argues, however, that Colorado's interest is outweighed by this district's interest stemming from the other lawsuits filed by Mass in this

district involving the same patents. In addition to prior cases, Mass asserts that there is another more recent case pending.

The more recent lawsuit referred to by Mass—Civil Action No. 6:15-cv-570—was dismissed on March 9, 2016. Moreover, there is no specific local interest in this district and there is a significant local interest in Colorado, where SpaceCo is headquartered. *See In re TS Tech*, 551 F.3d at 1321 (disregarding generalized judicial interest in favor of a particularized local interest). Accordingly, this factor favors transfer.

***ii. Familiarity of Forum with Governing Laws***

The parties agree that this public interest factor is neutral.

***iii. Remaining Public Interests Factors***

The parties agree that there are no conflicts of law issues. SpaceCo asserts that the District of Colorado does not provide an abnormally short or long time to get to trial, making this factor neutral. Mass argues that the time to trial in the Eastern District of Texas is faster than the District of Colorado by five months. Mass additionally seems to argue that the case would start over on the time to trial if the case is transferred because Mass submits that the case will be delayed by two years if the case is transferred.

The parties have not identified any specific issues regarding the administrative difficulties flowing from court congestion or the avoidance of unnecessary problems of conflict of laws. Mass does not provide any support for its assertion that the trial will be delayed by two years if there is a transfer. Here, the Court has already conducted claim construction. These remaining public interest factors are neutral.

**CONCLUSION**

A movant seeking to transfer bears the evidentiary burden of establishing that the desired forum is clearly more convenient than the forum where the plaintiff filed the case. *See Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. For the reasons stated above, SpaceCo met its burden of showing that the District of Colorado is a clearly more convenient forum. Only one factor weighs against transfer. Four factors weigh in favor of transfer and two factors are neutral. Accordingly, the Court **GRANTS** the Motion to Transfer Venue (ECF 110). The Clerk shall transfer this case to the District of Colorado in accordance with Local Rule CV-81(b).

So ORDERED and SIGNED this 28th day of March, 2016.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE