IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., § § Plaintiff, § § v. § § SPACECO BUSINESS SOLUTIONS, INC., § § Defendant. § § | | Civil Action No. 6:14-cv-00411-LED<br><br>LEAD CASE |
| v. § § PLANAR SYSTEMS, INC., § § Defendant. § | | Civil Action No. 6:14-cv-00414-LED |

**MASS'S AMENDED[1] RESPONSE IN OPPOSITION TO PLANAR'S OBJECTIONS TO MJ'S OPINION AND ORDER CONSTRUING CLAIM PHRASES**

---

[1] Mass files this Amended Response on account of Planar pointing out that Mass's original response (Dkt No. 192) exceeded the Court's 5 page limit for this type of briefing.

Magistrate Judge Mitchell correctly construed the phrase "connector means for connecting one of the displays to the arm at positions spaced along the arm, whereby the spacing between the displays can be adjusted"[2] in accordance with the claim language and disclosure (including the specification) of the '978 Patent, the relevant case law and the parties' agreement regarding the function of this phrase and the agreed underlying construction of the "mounting means" phrase (which is included as part of MJ Mitchell's construction of connector means). Planar misstates MJ Mitchell's construction of connector means, including by claiming that "necessary structures" were omitted. Tellingly, Planar fails to include MJ Mitchell's construction of connector means in its objections. This omission is likely calculated because, upon review of the construction, it is readily apparent that all of the structure necessary to perform and clearly linked to the function of the connector means was included. Planar alleges that MJ Mitchell failed to include sufficient structure to allow a display to be connected to the arm. However, this allegation is mistaken because MJ Mitchell included all of the structure of the "mounting means" as part of the construction of connector means – which Planar ignores.

Planar's objections are nothing more than a continued effort to erroneously "backdoor" the inclusion of improper "slots" and "projections" into the construction of this phrase. In a prior case, Judge Davis rejected tabs and slots being necessary structure for the mounting means. *Mass Engineered Design, Inc., et al. v. Ergotron, Inc., et al.*, Civil Action No. 2:06-cv-272, slip op. at *11 (E.D.Tex. Mar. 13, 2008). In this case Planar agreed to Judge Davis's prior construction of mounting means, which MJ Mitchell adopted. Dkt. No. 170, p. 8. However, Planar tried to get the "slots" and "projections" included in "means for adjusting" and "connector means" phrases, which Judge Davis had not construed in the *Ergotron* case. MJ Mitchell rejected Planar's misguided attempt to include "projections" and "slots" in the "connector means" phrase. Dkt No. 170, p. 18. This Court should not be fooled by Planar's baseless

---

[2] For ease of reference, MASS will use "connector means" to refer to the entire phrase that was construed by the Magistrate Judge.

re-attempt to include "projections" and "slots". Tellingly, although MJ Mitchell saw right through Planar's obfuscation and correctly rejected the inclusion of the "projections" and "slots," Planar does not reargue "projections" and "slots" head on in its objections.

### I. MJ Mitchell's Proper Construction Of Connector Means

MJ Mitchell's proper construction of the phrase "connector means" is as follows:

| Terms, Phrases, or Clauses | Court's Construction |
|---|---|
| connector means for connecting one of the displays to the arm at positions spaced along the arm, whereby the spacing between the displays can be adjusted | Function: connecting one of the displays to the arm at positions spaced along the arm<br><br>Structure: same as for mounting means, but not including socket 198, and further including both sockets 202 and 204 plus equivalents (Figure 20) |

Order dated March 3, 2016 (Dkt. No. 170) at 26-27. The following figures illustrate the scope of MJ Mitchell's construction of connector means (structure included in the construction is highlighted):



As the Court is aware, means-plus-function elements cover the structure disclosed in the specification that performs and is clearly linked to the claimed function. *See, e.g., Diagnostics Corp. v. Elekta AB,* 344 F.3d 1205 (Fed. Cir. 2003). Structure not necessary for performing the claimed function should not be included. *Wenger Mfg. v. Coating Mach. Sys.*, 239 F.3d 1225, 1233 (Fed. Cir. 2001).

Here, MJ Mitchell properly included only the structure disclosed in the specification that performs and is clearly linked to the claimed function. While Planar notes that MJ Mitchell's construction "included sockets (labeled 202 and 204) and a bolt (labeled 200)" (Planar's Objections at 3), Planar fails to inform the Court that the full construction was "same as mounting means… and further

including..." As shown above, all of the structures comprising connector 166 that are necessary for connecting one of the displays to the arm at positions spaced along the arm have been included. Notably, the two structures that are included in the description of connector 166 but properly omitted from MJ Mitchell's construction, because they are wholly unrelated to the claimed function, are the projections 180 and slots 178.

With regard to the structure for performing the function, it should be noted that the larger phrase is "the mounting means comprises connector means…." The antecedent basis for "mounting means" is "mounting means for mounting the displays to the arm assembly." The parties *agreed* that the function of the phrase "mounting means for mounting the displays to the arm assembly," is "mounting the displays to the arm assembly," and that the corresponding structure is the following:

> ball 56, shaft 58, socket 60, hole 72, tabs 80, 82, rear of the display 16, plus equivalents (Figures 8 and 9) OR ball 172, shaft 174, socket 170 with flat surface 190, shell 184 with flat 192, plate 182, screws 186, screws 188, plug 194, socket 198 (or 202 or 204), bolt 200, rear of the display 152, plus equivalents (Figure 20).

In other words, the parties agreed, consistent with Judge Davis's prior construction and MJ Mitchell's current construction, that "projections" and "slots" are not necessary for mounting. The phrase "[the mounting means comprises] connector means …" imposes an additional functional (and corresponding structural) requirement of a connector means for connecting one of the displays to the arm at positions spaced along the arm. The structure in the specification that corresponds to *this* function is two sockets 202 and 204. The rest of the necessary structure for connector means is included in the mounting means with two refinements which MJ identified: (1) socket 198 is not needed for connecting *one* of the displays to the arm at positions spaced along the arm; and (2) for connector means, *both* socket 202 *and* socket 204 are necessary structure because this dual socket structure allows one display to be spaced at adjustable distances from the other.

MJ Mitchell's construction of connector means properly rejects the inclusion of the "projections" and "slots" of connector 166. MJ Mitchell appreciated that "including connector 166 could be implied

to require all sub-components of the connector 166, including the projections 180 and slots 178." Order at 18. MJ Mitchell goes on to correctly state that "the projections and slots are not necessary structure." *Id*. Rather than improperly including structure that was "not necessary," the Court instead included only those structures that were disclosed in the specification that perform and are clearly linked to the claimed function.

II.     **Planar's Arguments Lack Any Factual Or Legal Basis**

Planar submits that "it is impossible to connect the display to the arm using the structures disclosed in the '978 patent if the connector 166 is not included, because none of the other structures include a portion for insertion into the sockets or for attachment of the bolt." Objections at 4. This statement is clearly false because plug 194 is an example of "other structures [that] include a portion for insertion into the sockets or for attachment of the bolt." *Id*. Further, the ball and other necessary structures are there. All that is lacking are the inappropriate "projections" and "slots."

Planar's simply ignores the structure associated with the "mounting means." Several of the structures that comprise the mounting means as set forth above are also present in the connector 166 with two significant differences – the "mounting means" structure *does not include slots 178 and projections 180*. The reason for this is simple – those structures do not perform the function of mounting the displays to the arm assembly (as required by the mounting means). Indeed, Planar admits in its claim construction briefing that "[t]hese projections and slots serve two purposes: 1. They limit the ball's ability to tilt (i.e., "adjust angular orientation") to the vertical and horizontal axes and 2. they simultaneously limit the degree of tilting around each of the vertical and horizontal axes." Dkt. No. 81 at 9. This is consistent with MJ Mitchell's recognition that Planar "argue[s] that projection and slots are used to limit the tilting of the display about two mutually perpendicular axes." Order at 14. Planar has not disputed MJ Mitchell's finding on this issue.

Even the cases that Planar cites in support of its erroneous objections make clear that "§ 112, ¶ 6

requires both identification of the claimed function and identification of the structure in the written description necessary to perform that function." *Micro Chem., Inc. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999). Further, § 112, ¶ 6 does not "permit incorporation of structure from the written description beyond that necessary to perform the claimed function." *Id.*, *see also Texas Digital Systems, Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1208 (Fed. Cir. 2002) ("Structure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim.") Here, Planar urges the Court to include structure from the written description that is not linked to and not necessary to perform the claimed function. Nothing in Planar's objections even addresses this issue because Planar must obfuscate the real issue since its invalid arguments have been repeatedly rejected. Despite its rhetoric to the contrary, if anything Planar's objections confirm that the necessary structure is included in MJ Mitchell's construction of connector means. Planar cites the specification of the '978 Patent that "[a] bolt 200 (shown in FIG. 19) inserts through socket 198 into the plug 194 to prevent separation…" Objections at 4. However, Planar then argues that "it is impossible to connect the display to the arm using the structures disclosed in the '978 patent if the connector 166 is not included, because none of the other structures include a portion for insertion into the sockets or for attachment of the bolt." *Id*. Planar either fails to recognize or fails to mention that the structure included in MJ Mitchell's construction of connector means includes, *inter alia*, plug 194 – the very structure that Planar points out as being required. As described in the '978 Patent, "a socket 198 [] conforms in shape to and interlocks with the plug 194 *to support the display* 152." '978 Patent at Col. 7/16-19 (emphasis added).

Planar's untimely, irrelevant and waived invalidity argument (*i.e.*, "if structure necessary … is absent … the proper result is to declare the claim invalid") (Objections at 3) is baseless. As set forth above, and as confirmed by MJ Mitchell's proper construction of connector means, the '978 Patent does identify the structure necessary to perform the claimed function.

Date: April 1, 2016

Respectfully submitted,

By: /s/ *Stephen F. Schlather*
Stephen F. Schlather
Texas Bar No. 24007993
John J. Edmonds
Texas Bar No. 789758
Shea N. Palavan
Texas Bar No. 24083636
**COLLINS, EDMONDS,**
**SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
Email: sschlather@cepiplaw.com
 jedmonds@cepiplaw.com
 spalavan@cepiplaw.com

*Attorneys for Plaintiff,*
*Mass Engineered Design, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Date: April 1, 2016        */s/ Stephen F. Schlather*
                Stephen F. Schlather